■    In the Matter of EILEEN BRUSO et al., Appellants, et al., Petitioners, v BOARD OF EDUCATION OF THE CLARKSTOWN CENTRAL SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review the respondent's determination to abolish the position of school nurse teacher and to create the position of registered nurse, the appeal is from a judgment of the Supreme Court, Rockland County, dated February 2, 1976, which dismissed the petition, without prejudice to any judicial proceedings petitioners might be advised to initiate following review by the Commissioner of Education. Judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for the holding of a hearing and for further proceedings not inconsistent herewith. Since the evidence established that the position of school nurse teacher constituted a special tenure area in and of itself, the tenure and seniority rights of the appellants were not violated when respondent abolished that position and terminated the employment of all school nurse teachers (cf. 8 NYCRR 30.8 [b] [5]). The proceeding was not time-barred by the Statute of Limitations (see *Matter of Wininger v Williamson,* 46 AD2d 689). We are of the opinion that the clause in the collective bargaining agreement between the respondent and the Clarkstown Teachers Association obligating the former, "in the event of lay-off [to] make every effort to insure that separated personnel may be placed in other teaching situations", inures to the benefit of petitioners and is enforceable by them. It relates to a term or condition of employment which is consistent with public policy and not prohibited by statute or decisional law (see *Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122; *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614). The matter must be remitted for a hearing, at which it should be established whether the respondent created new full-time positions to carry out the instructional functions in health and hygiene mandated by the regulations of the Commissioner of Education, and whether respondent exercised every effort to provide such new positions to the petitioners with the greatest seniority. Since section 2510 of the Education Law applies to this case (see *Matter of Baron v Mackreth,* 30 AD2d 810, affd 26 NY2d 1039; *Matter of Skliar v Board of Educ.,* 45 AD2d 1012; *Matter of Dreyfuss v Board of Educ.,* 72 Misc 2d 703, revd on other grounds 42 AD2d 845; *Matter of Beers,* 11 Ed Dept Rep 120), the hearing should also determine whether the duties of petitioners' former position of school nurse teacher are "similar" to those of the newly created position of registered nurse. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.