In the Matter of LOUISE BORK et al., Appellants, v CITY SCHOOL DISTRICT OF THE CITY OF NORTH TONAWANDA et al., Respondents.

Fourth Department, December 9, 1977

## APPEARANCES OF COUNSEL

*Paul E. Klein (Janet Axelrod* of counsel), for appellants.

*James E. Rooney* for respondents.

### OPINION OF THE COURT

CARDAMONE, J.

This article 78 proceeding was commenced by petitioners, seven school nurse-teachers, whose positions were abolished by the board of education and replaced by 12 newly created school nurse positions. These petitioners sought appointment to the new positions at the salary each had been earning as a school-nurse teacher. Special Term dismissed the petition holding that the old and new positions were not similar. From this determination, petitioners appeal.

The facts may be briefly stated. Six of the seven petitioners were tenured school nurse-teachers employed by the City School District of the City of North Tonawanda and all of them worked until June 30, 1976 at annual salaries ranging from $10,000 to $18,000. On June 30, 1976 the respondent board of education of the school district abolished all school nurse-teacher positions and created 12 school nurse positions, effective September 1, 1976. Each petitioner received a letter from the Superintendent of Schools on July 1, 1976 advising her of the action taken and of the termination of her services effective July 1, 1976. On July 15, 1976 each petitioner re-

ceived a further letter from the Superintendent's Administrative Assistant inquiring whether she was interested in working as a school nurse. No salary or other benefit was mentioned. Upon inquiry by one of the petitioners, the Administrative Assistant advised her that the school nurse was a salaried position at $5 per hour with no benefits, which reduced the annual salary to the range of $5,000-$6,000. By the end of July, 1976 all the petitioners had learned of this decrease in salary and each decided not to apply for the new position. Petitioners allege that 75%-80% of the school nurse's time will be spent on duties previously performed by the school nurse-teacher. The distinction is that school nurse-teachers perform classroom teaching and assist other teachers in the presentation of health education materials and consult with teachers and parents about health problems. School nurses have no such responsibilities. As a result of the duties required in the position, a school nurse-teacher must have a teaching certificate and also be a registered nurse. A school nurse, on the other hand, need only be a registered nurse. Respondent alleges that this broader professional capability arising from additional educational credentials justifies school nurse-teachers being paid on a teacher's salary scale. Following the abolition of the seven positions, no new full-time position was created to carry out instructional functions in health, hygiene or student counseling.

■ The respondent board of education of the city district clearly has the power to create and abolish positions for economic reasons (Education Law, § 2503, subd 5; *Matter of Young v Board of Educ.*, 35 NY2d 31, 34). However, where a new or part-time position has been created to carry on the work formerly done by petitioners, the provisions of subdivision 1 of section 2510 of the Education Law control. That section provides "1. If the board of education abolishes an office or position and creates another office or position *for the performance of duties similar* to those performed in the office or position abolished, the person filling such office or position at the time of its abolishment shall be appointed to the office or position thus created without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled" (emphasis supplied).

■ In applying this statute, broad meaning must be given to the term "similar", so as to prevent erosion of the tenure

rights of the incumbents of abolished positions (see *Matter of Lynch v Nyquist,* 41 AD2d 363, 365, affd 34 NY2d 588). With regard to the specific situation presented in the instant case, the Commissioner of Education has stated that: "where the board [of education] abolishes a position certified as instructional or educational in nature * * * and creates in lieu thereof a noneducational position which does not require educational certification, it has been held in numerous appeals that the former incumbent of the educational position has no claim on the subsequently created noninstructional position" (citations omitted). *(Matter of Mills,* 15 Ed Dept Rep 496, 498.) The commissioner has applied this holding to the precise situation before us and concluded that the positions of school nurse-teacher and school nurse are not similar under subdivision 1 of section 2510 of the Education Law *(Matter of Record,* 15 Ed Dept Rep 447; *Matter of Zuckerman,* 12 Ed Dept Rep 242; *Matter of Henle,* 11 Ed Dept Rep 118; see, also, *Matter of Mills,* 15 Ed Dept Rep 496). The dissimilarity between the positions is based primarily upon the fact that several of the areas of responsibility of a school nurse-teacher cannot be delegated to a registered nurse who is not certified to teach. As a rule, the practical construction given a statute by the agency charged with its enforcement rises nearly to the level of judicial interpretation *(Matter of Lezette v Board of Educ.,* 35 NY2d 272, 281) and, if not unreasonable, should be upheld by the courts *(Matter of Howard v Wyman,* 28 NY2d 434, 438).

The Appellate Division, Second Department, confronted with this identical issue remitted it to Special Term for a hearing to determine "whether the duties of the petitioners' former position of school nurse teacher are 'similar' to those of the newly created position of registered nurse", within the meaning of section 2510 of the Education Law *(Matter of Bruso v Board of Educ.,* 53 AD2d 692). Following a hearing, Special Term dismissed the petition concluding that since the registered nurse position does not entail any teaching or instructional duties whatever, the "duties" of the two positions are not "similar" within the contemplation of the statute *(Matter of Bruso v Board of Educ.,* Sup Ct, Rockland County, Sept. 10, 1976). Several other nisi prius decisions have reached the same conclusion *(Matter of Brush v City School Dist.,* Sup Ct, Oneida County, May 31, 1977; *Matter of Abdallah v Board of Educ.,* Sup Ct, St. Lawrence County, Feb. 15, 1977).

Concededly, the term "similar" cannot be said to have a

clear and unambiguous meaning in subdivision 1 of section 2510 of the Education Law. Neither can it be said that the commissioner's interpretation that the positions are dissimilar, is unreasonable or irrational despite the great similarity of duties. Although their duties are arguably 75%-80% the same, a reliance on percentages would lead merely to a conclusion based on the quantity of the work, rather than the kind of work performed.

We conclude, therefore, that the additional instructional duties and professional capabilities of a school nurse-teacher evidenced by the requirement of dual certification provides proof that the "duties" of the two positions are not "similar" under subdivision 1 of section 2510 of the Education Law.

Accordingly, the dismissal of the petition under CPLR 3211 (subd [a], par 7) should be affirmed.

MOULE, J. P., SIMONS, HANCOCK, JR., and DENMAN, JJ., concur.

Judgment unanimously affirmed, without costs.