## (December 19, 1977)

■ In the Matter of FORTEMENT ASSOCIATION, INC.—Application by Fortement Association, Inc., pursuant to subdivision 5 of section 495 of the Judiciary Law, for approval to operate a prepaid legal services plan. Application denied. The applicant, a not-for-profit Maryland corporation, seeks permission to sponsor, organize and operate a prepaid legal services plan to be known as the Fortement Association Trusteed Pre-Paid Legal Plan. Fortement intends to enter into agreements with various groups by which the members thereof will be provided with legal services. Fortement intends to designate certain law firms which will actually provide the services. Annual fees will be paid by the members to Fortement which, in turn, will compensate the law firms. Two Maryland corporations, organized for profit, will receive a portion of the fees: Mener Corporation will "provide the necessary management services to insure a smooth operation" of the plan and Mercatus Corporation, pursuant to a distribution and field service agreement, will "provide a smooth installation and operation" of the plan. Moreover, administrative attorneys will be appointed whose function will be to nominate the designated law firms and to oversee their operations. Such administrative attorneys will also be compensated. Fortement is governed by a board of directors which is presently composed of seven members, only one of whom is an attorney. Provision has been made for a national advisory board as well as a State advisory board, neither of which is required to be composed of attorneys. In passing upon applications of this kind our responsibility is, "above all, to make sure that future professional conduct on behalf of the applicant organizations remains subject to disciplinary control by the Appellate Division" (Matter of Feinstein [Attorney-General of State of N. Y.], 36 NY2d 199, 205). In our opinion, the nature and organization of Fortement is such that effective control by this court cannot be maintained. The fact that Fortement is a foreign corporation and that a majority of its board of directors is not composed of attorneys admitted to practice in this State constitutes a substantial impediment to such control. The complicated structure of the entity, involving, as it does, a national and State advisory board, administrative attorneys, designated law firms, a management corporation and a marketing corporation, constitutes "a thicket through which none could penetrate" (see Matter of Community

*Action for Legal Servs.,* 26 AD2d 354, 359). Gulotta, P. J., Hopkins, Latham, Cohalan and Margett, JJ., concur.