■ In the Matter of LAURA ABDALLAH et al., Appellants, v BOARD OF EDUCATION OF THE MASSENA CENTRAL SCHOOLS, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered March 10, 1977 in St. Lawrence County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination of respondent. As duly certified school nurse-teachers, petitioners were employed by respondent as nurse-teachers when, on April 26, 1976, respondent abolished all of the nurse-teacher positions for the 1976–1977 school year and created registered nurse positions. Petitioners were offered these latter positions at salaries considerably lower than those they had previously received as nurse-teachers, and all but petitioner Hammill accepted. Thereafter, the instant proceeding was commenced, wherein petitioners allege that respondent has violated their seniority and tenure rights under section 2510 of the Education Law by its actions terminating their teaching services. Finding petitioners' arguments to be without merit, Special Term dismissed their petition, and this appeal ensued. initially, we agree with Special Term and find no merit to petitioners' contention that the duties of registered nurses are "similar" to the duties they performed as nurse-teachers and that, consequently, pursuant to subdivision 1 of section 2510 of the Education Law, they should have been appointed to the new positions without any reduction in salary. In a strikingly similar factual situation this identical issue was presented only recently in *Matter of Bork v City School Dist. of City of North Tonawanda* (60 AD2d 13) wherein the Appellate Division of the Fourth Department concluded that, because of the additional instructional duties and professional capabilities required of school nurse-teachers, the duties of that position were not "similar" to those of the registered nurse position as intended by the statute. We find the rationale of the *Bork* decision to be highly persuasive and, accordingly, hold that respondent was not required by subdivision 1 of section 2510 of the Education Law to employ petitioners as registered nurses with no reduction from their nurse-teacher salaries. Turning now to petitioners' other major contention, i.e., that they were not "the teacher[s] having the least seniority in the system within the tenure of the position abolished" and that, therefore, respondent's decision to discontinue them was contrary to subdivision 2 of section 2510 of the Education Law, we hold that this argument must likewise be rejected. Basically, petitioners maintain that they were each tenured in either the general elementary or the general secondary tenure

areas and that, pursuant to the cited statute, they should not have been terminated before other teachers with less seniority in those tenure areas. Respondent counters that it had established "school nurse teacher" as a separate tenure area, which was abolished by its action in April of 1976, and that petitioners had accumulated employment time only in that special area and thus had no seniority entitling them to positions in the general tenure areas. At Special Term, respondent's position on this question was adopted, and we find that the court's decision should be sustained. Numerous factors, taken together, compel the conclusion that there was a separate tenure area for school nurse-teachers and that petitioners were sufficiently alerted to its existence (cf. *Steele v Board of Educ.*, 40 NY2d 456). Thus, the position of school nurse-teacher requires a certification independent and separate from that of elementary and secondary teachers and is defined as a "special subject tenure area" by the rules of the Board of Regents (8 NYCRR 30.8 [b] [7]). Moreover, except for possibly Laura Abdallah, none of the petitioners were certified prior to September, 1976 as elementary or secondary teachers and, such being the case, they could not possibly have gained tenure and seniority in those tenure areas. In this regard, we would further emphasize from a practical standpoint that it would not have made "good educational sense" *(Steele v Board of Educ., supra,* p 465) to grant petitioners their requested relief by "bumping" certified and experienced elementary and secondary teachers and placing in their vacated positions petitioners who are experienced only as school nurse-teachers. Under all of these circumstances, Special Term properly determined that respondent had not acted in violation of subdivision 2 of section 2510 of the Education Law. Judgment affirmed, without costs. Kane, J. P., Staley, Jr., Main, Larkin and Herlihy, JJ., concur.