## (March 27, 1978)

■ In the Matter of FORTEMENT ASSOCIATION, INC.—Application by Fortement Association, Inc., for reargument of its application, pursuant to subdivision 5 of section 495 of the Judiciary Law, for approval to operate a prepaid legal services plan. Application granted and, upon reargument, approval granted on condition that a New York State not-for-profit corporation be formed and that a committee of not less than 7 nor more than 15 attorneys who are admitted to the Bar in the State of New York be established, which committee will be responsible for the practice of law activities of the corporation. By decision rendered December 19, 1977 this court denied an application by Fortement Association, Inc., a not-for-profit Maryland corporation, for permission to sponsor, organize and operate a prepaid legal services plan on the ground that the nature and organization of Fortement were such that effective disciplinary control could not be maintained (*Matter of Fortement Assoc.,* 60 AD2d 614). In our opinion, the formation of a not-for-profit New York corporation and the establishment of a committee of attorneys who are admitted to the Bar in the State of New York will provide this court with sufficient control. Hopkins, J. P., Latham, Gulotta, Cohalan and Margett, JJ., concur.

■ MARION M. BRADLEY, Appellant-Respondent, v TRAVIS P. BRADLEY, Respondent-Appellant.—In a custody proceeding, the parties cross-appeal from an order of the Family Court, Dutchess County, dated June 25, 1977, which, *inter alia,* dismissed the petition on the merits and continued custody in the father. Order reversed, without costs or disbursements, and proceeding remanded to the Family Court for a hearing as to the issue of custody. On the court's own motion, the proceeding is transferred from the Family Court, Dutchess County, to the Family Court, Suffolk County, and the hearing shall be held in Suffolk County, where the child now resides. This proceeding should not have been determined on the pleadings. On oral argument, the father consented to a reversal and the holding of a hearing on the merits. Titone, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.

■ ALBERT HANDY, Appellant, v WESTBURY UNION FREE SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to appoint petitioner to the position of director of physical education, the appeal is from a judgment of the Supreme Court, Nassau County, dated October 7, 1977, which dismissed the petition. Judgment reversed, on the law, with $50 costs and disbursements, and proceeding remitted to Special Term for a hearing and further proceedings not inconsistent herewith. It was error to dismiss petitioner-appellant's article 78 proceeding. Unlike *Matter of Abrams v New York City Tr. Auth.* (39 NY2d 990), the court would not be substituting its judicial supervision for the discretionary management of public business by public officials if it entertained this proceeding. Petitioner has alleged a violation of the mandates of 8 NYCRR 135.4 (c) (4) (iii) and the concealment of such violation. A hearing is required to resolve these issues (cf. *Matter of Bruso v Board of Educ.,* 53 AD2d 692). Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.