■ In the Matter of DONNA MILLS, Respondent, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Appellants. —Appeal from a judgment of the Supreme Court at Special Term, entered March 21, 1977 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, seeking reinstatement as a full-time dental hygiene teacher, with full back salary and other benefits appurtenant to such position. Special Term reversed the decision of the Acting Commissioner of Education which affirmed the decision of the Board of Education of Potsdam Central School District. The district abolished the position of school dental hygiene teacher and created a new position of dental hygienist. Petitioner formerly held the teaching position, and accepted the new hygienist position. In this proceeding she contends that the new position encompasses the same duties she formerly exercised, and, thus she should be entitled to restoration of pay she was receiving as school dental hygiene teacher. Special Term agreed, held the positions to be identical and declared the decision of the commissioner to be wholly arbitrary. In approaching the problem, we must determine only if the decision of the commissioner had a rational basis and was not arbitrary (Matter of Pell v Board of Educ., 34 NY2d 222, 231). Section 35 of the Civil Service Law divides the civil service of the State in each of its civil divisions into the classified and unclassified service. Pursuant to subdivision (g) thereof, the Commissioner of Education certified that the position of school dental hygiene teacher is in the teaching and supervisory staff of school districts and is, therefore, in the unclassified service. The position of dental hygienist was not so certified and is, consequently, in the classified service. The distinction between classified and unclassified services is, in our opinion, significant to the resolution of this issue because the method by which employees are appointed, disciplined and discharged depends on whether the employment relationship is subject to the provisions of the Civil Service Law pertaining to classified service or, as in the case of members of the teaching and supervisory staff of a school district, the Education Law. In the affidavits submitted at Special Term, the school officials aver that petitioner previously performed classroom teaching and petitioner, in her affidavit, concedes this but contends that such teaching was a minimal part of her work. She also concedes that as a hygienist she presently does no classroom teaching. Under the decisions this ends the matter and the petition should be dismissed. In Matter of Abdallah v Board of Educ. (61 AD2d 1096), this court held that, although the extent to which school nurse teachers were actually involved in teaching and instructional activity was minimal and that the duties performed by registered nurses paralleled those performed by school nurse teachers, still the positions were not "similar" within the contemplation of section 2510 of the Education Law (Matter of Bruso v Board of Educ., 60 AD2d 651; Matter of Bork v City School Dist. of City of North Tonawanda, 60 AD2d 13). Therefore, although the portion of the teaching position devoted to classroom instruction may be a small portion of

the total duties of the position, this is not important. The requirement of teaching certification is the important difference between the duties. Special Term gave no consideration to these cases and found the fact that petitioner had rendered classroom instruction while serving as a dental hygiene teacher to be irrelevant. It attached supreme importance to the certification filed by the Commissioner of Education with the State Civil Service Commission pursuant to subdivision (g) of section 35 of the Civil Service Law, noting that such certification does not require that a school dental hygiene teacher give classroom instruction. In our view, Special term erred in a most important particular. A careful reading of the certification upon which Special Term relied reveals that in addition to a description of the duties of the dental hygiene teacher, which does not speak of classroom teaching, the commissioner's certification also provides in the general statement of "teachers" duties the following: "The nature and scope of the duties and responsibilities of such positions are herewith certified to be the teaching, either of an entire class or classes, or of individuals or groups of individuals, of the pupils attending any school or schools in any of the three types of units of the State Education System set forth hereinabove, or the supervision or administration of such teaching in any such unit." This statement of classroom duties, when viewed together with the specific duties set forth in the certification, requires reversal and dismissal of the petition. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.