OPINION OF THE COURT
Roger J. Miner, J.
This is a proceeding pursuant to CPLR article 78 to review a determination of respondent State commissioner, made after a fair hearing, affirming a determination of respondent county commissioner relating to a lien for public assistance filed against real property owned by petitioners.
In January of 1979 petitioner, Michael Tampone, an employee of the United States Postal Service, sustained a work-related injury. Pending the outcome of his application for disability retirement and compensation benefits, he was constrained to apply for public assistance on or about March 6, 1979. On March 15, 1979, as a condition for eligibility for assistance, petitioners executed an "Assignment Of Proceeds Of Real Property” which was filed in the Sullivan County Clerk’s office on March 16, 1979. Mr. Tampone then was afforded a grant of aid to dependent children for himself, his spouse and his two minor children for the period March 16, 1979-June 13, 1979. It appears that he thereafter received Social Security benefits, as well as a disability pension from the postal service, and no longer is in need of public assistance.
Although petitioners do not deny that the local agency had the right to take the lien against their real property at the inception of the public assistance grant, they contend that the lien now should be discharged, since the grant of assistance terminated within three months. A local social services agency is authorized to secure a lien against real property as a condition of the granting of aid. (Social Services Law, §§ 106, 360, subd 1.) By regulation, the State commissioner has provided that such a lien shall not be required in the case of temporary need, i.e., a "need which, at the time of application, is expected to terminate within three months.” (18 NYCRR 352.23 [b].)
In the opinion of the court the lien in question need not be discharged until repayment of the moneys received as public assistance. While the period of assistance was less than three months, there could be no assurance that this would be so *20 when the application was made. A senior social welfare examiner made inquiry as to the status of the claims for work-related benefits, found that the claims were being controverted, and determined that it would be impossible to establish the length of the grant. Without the benefit of hindsight, this determination had a rational basis and the State commissioner was justified in finding that there was a compliance with her regulations. The practical construction given regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld by the courts. (Matter of Howard v Wyman, 28 NY2d 434; Matter of Bork v City School Dist. of City of North Tonawanda, 60 AD2d 13, mot for lv to opp den 44 NY2d 647.) Moreover, law and public policy favor the recovery of the cost of assistance provided to persons discovered to have real or personal property. (Social Services Law, § 104.)
Petitioners’ application for leave to proceed as poor persons is denied in the absence of notice to the Sullivan County Attorney. (2 Weinstein-Korn-Miller, NY Civ Prac, par 1101.11.)