■ In the Matter of JOHN DU BOIS, Appellant, v BOARD OF EDUCATION OF THE NORTH ROCKLAND CENTRAL SCHOOL DISTRICT, Respondent. — In a proceeding pursuant to CPLR article 78 to compel the respondent Board of Education of the North Rockland Central School District (board of education) to reinstate petitioner to a full-time teaching position *nunc pro tunc* as of September 1, 1982, petitioner appeals from a judgment of the Supreme Court, Rockland County (Daronco, J.), dated August 24, 1983, which dismissed the petition.

Judgment affirmed, with costs.

Petitioner John Du Bois, a teacher certified to teach elementary school and social studies (grades 7 to 12), began a three-year probationary appointment to a position as a high school teacher in the "CORE" program on September 1, 1978. The "CORE" program was a pilot project designed to assist students with educational and behavioral problems. Effective June 30, 1980 petitioner's position in the "CORE" program was abolished and he was excessed, as of that date, and placed on a preferred eligible list pursuant to the provisions of the Education Law (Education Law, § 2510, subd 3). Petitioner was recalled to several long-term substitute positions as a substitute English teacher and social studies teacher in the middle school. He was excessed from his position as a substitute social studies teacher in the middle school effective June 30, 1982. Petitioner was not recalled to teach on a permanent basis in September, 1982. In June, 1982, the board of education denied the request of an English teacher in the middle school for a transfer to a position in the high school. Subsequently, two vacancies arose for high school English teachers. Petitioner asserts that the board of education had a legal obligation to transfer the middle school English teacher to the high school in order to recall him to the position she occupied (Education Law, § 2510, subd 3).

There is no question that petitioner lacks the appropriate certification for the vacant high school English positions. The Court of Appeals has declined to require a school district to reassign teachers or rearrange academic schedules in order to recall an excessed teacher on a preferred eligible list when that teacher was not certified to teach the subject in which the initial vacancy arose (see *Matter of Chauvel v Nyquist,* 43 NY2d 48; *Matter of Ward v Nyquist,* 43 NY2d 57). In *Matter of Ward v Nyquist* (*supra,* p 63), the Court of Appeals stated, "[w]hen seeking re-employment rights the threshold question must be one of certification to teach in the position sought. Absent such certification, re-employment rights cannot attach". Moreover, petitioner is not entitled to reinstatement to the middle school English position, for which he lacks the appropriate certification, assuming, *arguendo,* that the board of education was required to transfer the teacher who occupied that position to the high school (see *Matter of Chauvel v Nyquist, supra,* p 52; *Matter of Ward v Nyquist, supra,* p 63). Petitioner asserts that subject area certification requirements could be waived for teachers assigned to the experimental middle school program, which was conducted pursuant to the regulations of the Commissioner (8 NYCRR 80.2 [h]). The authority of the superintendent of schools or "other legally authorized body" to assign teachers to positions in a middle school outside their areas of certification, however, is purely discretionary, based upon a judgment that a teacher is "qualified by education and experience" for a given position (8 NYCRR 80.2 [h]). We see no reason to substitute our judgment for that of the board of education in the hiring and assignment of teachers. Moreover, there is no evidence on the record that the middle school English position which petitioner seeks in the instant proceeding has duties which are "corresponding or similar" to those associated with his former position in the high school "CORE" program (Education Law, § 2510, subd 3; *Matter of Chauvel v Nyquist,* 43 NY2d 48, 53, *supra; Matter of Cole v Board of Educ.,* 90 AD2d 419, 428, affd 60 NY2d 941; *Matter of Leggio v Oglesby,* 69 AD2d 446, 449-450, apps dsmd 48 NY2d 882, 53 NY2d 704). Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.