*284 OPINION OF THE COURT

Per Curiam.

The right granted by the Rules of the Board of Regents (8 NYCRR 30.13) to a person whose tenured professional education position is abolished to be transferred to and retained in another tenure area if there is a professional educator with less seniority in that other area applies only to persons who receive a probationary appointment after August 1, 1975 and only as to a tenure area created by those Rules. The order of the Appellate Division should, therefore, be reversed, with costs, and the matter remitted to Supreme Court, Suffolk County, for determination of the back pay and other benefits, if any, to which petitioner is entitled.
Petitioner was given a probationary appointment as a physical education teacher on September 1,1977 and acquired tenure in 1980. In April 1981 she was notified that she would be excessed on June 30,1981, but on September 5,1981 was offered and accepted a three-fifths physical education position. She contends that she was entitled to the full-time position because Paul Huprich, who was given the two-fifths physical education position at the same time as her three-fifths appointment, had no right to “bump” her under part 30 of the Regents’ Rules.
Huprich became a physical education teacher in the District in 1959 and served as such until 1974, when he became Acting Director of Physical Education, Health and Recreation. He returned to his physical education position on September 1, 1975 and served in it until September 1,1977, when he was assigned to a health education position for one year. During the 1978-1979 school year he served as a physical education teacher. During the 1979-1980 and 1980-1981 school years, however, he served as a health education teacher, but after a two-fifths health education position was abolished in June 1981, was assigned the two-fifths physical education position to which petitioner claimed she was entitled. On November 16, 1981, petitioner was offered and accepted an additional two-fifths physical education position, but she seeks back pay for the period September 5, 1981 through November 16, 1981 and the determination of other economic benefits to which she may be entitled.
“Bumping” rights with respect to an area in which a teacher, excessed from his or her present tenure area, previously held tenure did not exist prior to the adoption by the Board of Regents, effective August 1,1975, of part 30 of its Rules. Section *285 30.2 (a) (8 NYCRR) makes the provisions of the part applicable only to probationary appointments made on or after August 1, 1975 and to appointments on tenure based on such probationary appointments, and section 30.13 provides that when a professional education position is abolished, the individual having the least seniority in the tenure area affected shall lose his or her position but “[sjhould the individual so identified have tenure or be in probationary status in additional tenure areas created by this Part, he shall be transferred to such other tenure area in which he has greatest seniority and shall be retained in such area if there is a professional educator having less seniority than he in such other tenure area” (emphasis supplied). Thus, “bumping” rights are given only to those persons who receive a probationary appointment after August 1,1975 and only as to a tenure area created by part 30.
The parties agree that physical education and health education were separate tenure areas in the school district prior to part 30 and have continued to be under section 30.8 (a) (8), (12). Huprich’s health education appointment dates from September 1, 1977, but his tenure as a physical education teacher is not in an area created by part 30 and predates the effective date of part 30 by many years. Despite the fact that he has greater seniority as a physical education teacher than petitioner, section 30.13 does not give him the right to “bump” her because the physical education tenure area was not “created” by part 30.
Respondent suggests that Huprich’s September 1, 1975 return to his former physical education position is a post-August 1, 1975 appointment entitling him to bumping rights in that area. But that would only be true if he had been appointed after August 1, 1975 to probationary status (Matter of Cesaratto, 17 Ed Dept Rep 23, 27-28) and it is clear that Huprich, having previously acquired tenure in the physical education area, could not be given a later probationary appointment to that area because doing so would denigrate his prior acquired tenure (Waiters v Board of Educ., 46 NY2d 885, 887; Matter of Smyton, 19 Ed Dept Rep 281).
Respondent’s further contention that the result is inconsistent with the seniority provisions of Education Law § 2510 is one that should be addressed to the Board of Regents rather than this court. Prior to adoption of part 30, seniority did not include the right to “bump” (Matter of Cole v Board of Educ., 60 NY2d 941, affg 90 AD2d 419, 427-428, n 6), and by limiting those rights to tenure areas “created by this Part” the Board of Regents has, for reasons best known to it, specifically excluded those in preexisting tenure areas.
*286 Finally, respondent’s suggestion that a factual issue exists concerning Huprich’s knowledge that he was being moved to a different tenure area is misplaced. Huprich is not a party to this action, respondent’s answer does not put in issue knowledge on his part and, in any event, it is conceded that health education and physical education were existing and separate tenure areas prior to the adoption of part 30.
For the foregoing reasons, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in Per Curiam opinion.
Order reversed, with costs, and matter remitted to Supreme Court, Suffolk County, for further proceedings in accordance with the opinion herein.