■ In the Matter of JAMES SHEAROD, Individually and on Behalf of Himself and Other Special Education Teachers Similarly Situated, et al., Respondents, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY et al., Appellants. — In a proceeding pursuant to CPLR article 78, inter alia, to compel the Board of Cooperative Educational Services of Nassau County (hereinafter BOCES) to appoint petitioner Shearod, a former employee of BOCES, whose position of diversified cooperative work-study program teacher (work experience counselor) had been abolished, to a newly created position of vocational rehabilitation counselor upon the ground that the duties of the latter position were "similar" to those of the abolished position

within the meaning of Education Law § 2510 (3), the appeal is from a judgment of the Supreme Court, Nassau County (Delin, J.), dated March 12, 1984, which, after a nonjury trial, granted the petition to the extent of directing that petitioner Shearod, in order of seniority, be reinstated in the employ of BOCES in the newly created position, with back pay and benefits retroactively to September 13, 1982, less any compensation, etc., earned by him in the interim.

Judgment reversed, on the law and the facts, with costs, and petition dismissed on the merits.

Contrary to Special Term's determination, we find that the duties of the newly created position of vocational rehabilitation counselor are not "similar" to the duties performed by work experience counselors within the meaning of Education Law § 2510 (3). The crucial difference between the two positions is " 'the *responsibility to teach* that rests on the [work experience counselor] but not the [vocational rehabilitation counselor]' " (*Matter of Smith v Board of Educ.*, 97 AD2d 795, 797, quoting the decision of Special Term therein). As the record indicates, the work experience counselor position is a pedagogical one, requiring a teaching certificate and the rights of the incumbents of that position are governed by the Education Law. The position of the vocational rehabilitation counselor is a nonpedagogical one; no teaching certificate is required, and the rights of the incumbents are governed by the Civil Service Law (*Matter of Smith v Board of Educ., supra*). Consequently, although on the "preferred eligible list" of excessed work experience counselors, petitioner Shearod was not entitled to appointment to the new position of vocational rehabilitation counselor, pursuant to Education Law § 2510 (3). Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.