■ In the Matter of DONALD JESTER, Appellant, v BOARD OF EDUCATION OF THE CHENANGO FORKS CENTRAL SCHOOL DISTRICT, Respondent. (And Another Related Proceeding.) — Per Curiam. Appeals from two judgments of the Supreme Court at Special Term (Harlem, J.), entered January 19, 1984 and June 21, 1984 in Broome County, which dismissed petitioner's applications, in proceedings pursuant to CPLR article 78, to annul determinations made by respondent denying petitioner's claim for entitlement to appointment under Education Law § 2510 (3).

Petitioner was first employed by respondent as an elementary school teacher in 1966. In 1968, he transferred to the position of secondary school teacher where he remained until 1974, when he transferred to the position of guidance counselor. When respondent decided to reduce its guidance staff, petitioner, having the least seniority, was terminated. Petitioner's name was then placed on a preferred eligible list of candidates for any future vacancy that might occur in a similar position (see, Education Law § 2510 [3]).

Sometime after his termination, a vacancy occurred as a temporary sixth grade teacher and petitioner accepted appointment to that position. Petitioner then demanded that he be appointed to the position on a permanent basis, but respondent

refused. This resulted in the first of two CPLR article 78 proceedings, which was decided in favor of respondent. Subsequently, two permanent positions became vacant, one as school social worker and the other as a kindergarten teacher. When respondent declined to appoint him to either position, petitioner commenced a second article 78 proceeding in which Special Term also found in favor of respondent. Petitioner appeals from both judgments.

Initially, we agree with Special Term's conclusion that the Statute of Limitations was not a bar to the commencement of either proceeding. Turning to the merits, Special Term, addressing the application for appointment as a school social worker, found that petitioner lacked the necessary requirements for certification to that position. "Certification is a statutory requirement of no small significance", and since the record indicates that petitioner does not meet the certification requirement for school social worker (8 NYCRR 80.3 [f]), respondent could not legally appoint him to that position (*Matter of Ward v Nyquist,* 43 NY2d 57, 63).

The statutory relief which petitioner seeks is in Education Law § 2510 (3), which states: "If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position *similar to the one* which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled" (emphasis supplied). Consequently, the issue before us is one of statutory interpretation.

Petitioner contends that, by virtue of his prior service, he should be preferentially eligible for appointment to any of the three tenured areas in which he had served while employed by respondent. Those areas were elementary teaching, secondary teaching and administration.

Special Term applied a literal interpretation of the statute. Its application of the statute was directed solely to the vacancy that occurred in an office or position which was abolished, that being the position of guidance counselor. The court held that the word "similar" in the statute referred to the office or position abolished and not to any office or position formerly held by petitioner. We must agree. The language is clear and concise (*see, Sega v State of New York,* 60 NY2d 183, 191; McKinney's Cons Laws of NY, Book 1, Statutes § 94, pp 188-196). Petitioner did

not leave his former positions of elementary teacher and secondary teacher because those positions were abolished. Consequently, relief in those areas under Education Law § 2510 (3) would have been inappropriate (*Matter of Brewer v Board of Educ.*, 51 NY2d 855, 858).

We are not unaware of the equities involved in this and similar cases, and we are not unaware of the view of the Commissioner of Education which has been expressed in, among other decisions, *Matter of Fitzgibbons* (8 Ed Dept Rep 205). However, his views are counter to the clear wording of the statute and should not be accorded any weight (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). If the statute is prone to produce unjust results, it should be corrected by the Legislature.

Judgments affirmed, without costs. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.