■ HICKSVILLE CONGRESS OF TEACHERS et al., Appellants, v HICKSVILLE UNION FREE SCHOOL DISTRICT BOARD OF EDUCA-TION et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Hicksville Union Free School District Board of Education (hereinafter the board) to reinstate the petitioner Miriam Pasetsky to her position as a tenured health teacher, or in the alternative to appoint a Referee pursuant to CPLR article 43, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Kelly, J.), dated May 10, 1984, which dismissed the petition.

Judgment modified, on the law, by deleting the provision that dismissed that branch of the petition which sought the petitioner Pasetsky's reinstatement, and substituting therefor a provision granting that branch of the petition to the extent that the petitioner Pasetsky is reinstated to her former position, together with back pay, benefits and seniority. As so modified, judgment affirmed, without costs or disbursements.

At issue in this case is whether junior high school health teachers belonged to a separate "vertical" tenure area or whether they were part of a horizontal tenure area entitled "General Junior High School" which also included academic subjects. The dispute turns on the history of the board's treatment and categorization of these areas, and its resolution

determines whether the least senior academic teacher (petitioner Pasetsky) or the least senior health teacher (respondent Milani) should have been excessed.

The petitioner Pasetsky taught academic subjects (mainly mathematics), in the district. She had accumulated six years and three months of seniority as of June 1983. Petitioner Axelrod, also a mathematics teacher, had about 11 years of seniority as of that time. Insofar as is pertinent here, Pasetsky and Axelrod were the two least senior of the academic subject teachers.

The respondents Milani, Szumigala and Schack all teach health and health-related subjects in the district's junior high schools. Milani had 11 or 12 years of seniority as of June 1983, Szumigala had 13 years and Schack had 16 years.

In the summer of 1980, the board terminated the petitioner Axelrod's services, based on tenure lists that treated him as belonging to a separate "Junior High" (academic subject) tenure area separate from the health tenure area. He states that he did not challenge this decision then because he relied on those lists in believing he was indeed the teacher with the least seniority in the separate "Junior High" (academic subject) tenure area, rather than a teacher in the same tenure area as health teachers (more junior than he), whose services were not terminated. He was recalled in September 1982.

When the board was faced with the need to make cutbacks, it initially decided to reduce the number of health positions from three to two on the assumption that health in junior high school was a separate vertical tenure area. It therefore excessed the respondent Milani. In response to Milani's protests that health was part of a general junior high school tenure area, the board conducted a review, whereafter it reversed its original decision. The petitioner Pasetsky was therefore excessed instead, since Milani admittedly had more seniority.

The petitioners Pasetsky and Axelrod commenced this proceeding making, in effect, mutually exclusive claims and demanding relief in the alternative. Pasetsky claims her tenure area includes only the academic subjects but not health, and seeks to overturn the decision to excess her. If, however, health is found to be part of a horizontal general junior high classification, then Axelrod claims that in 1980 he was wrongfully excessed instead of Milani (who was junior to Axelrod at the time). Special Term ruled that Pasetsky's services were properly terminated and dismissed Axelrod's

claims as time barred. We find the determination as to Paset-sky to be in error and modify accordingly.

School districts must retain teachers according to seniority and tenure category in a consistent manner (Education Law § 2510; *Matter of Baer v Nyquist,* 34 NY2d 291). Districts may change their classifications and categories, but only prospectively *(Matter of Baer v Nyquist, supra).*

Viewed in its entirety, the record in this case is consistent only with the conclusion that the district's health teachers were historically treated as being a separate tenure area. In each of three different district-wide tenure lists compiled in 1978, 1979 and 1983, health and the academic subjects were maintained as separate categories. The academic subjects included English, science, mathematics, social studies and foreign languages and were collectively referred to as a single "Junior High" tenure area. Separate tenure lists were maintained for each nonacademic area, including, *inter alia,* health, physical education, music, and home economics, as well as for specialized areas such as remedial reading and guidance. The respondents can point to no instance prior to Milani's reinstatement, where the district treated any of these subjects as part of the "Junior High" general tenure area. The respondents' alternate argument that the "Junior High" general tenure area included the academic subjects plus health, but none of the other special subject areas, is unsupported by anything in the record and strains credulity.

The respondents submitted letters and resolutions giving various teachers probationary and tenure appointments in support of their claim that health was in the "Junior High" general tenure area. However, these documents either are ambiguous or clearly treat health as a vertical category. The letters which informed junior high school teachers of new probationary appointments in health are similar to those for the senior high school health teachers. The letters informing senior high school health teachers that they had received tenure announced appointment to "tenure as a Senior High School teacher (Health)". The junior high school letters were identical except for the word "Junior" which was substituted for the word "Senior". The board of education resolutions reporting these appointments are ambiguous when viewed in isolation, but the appointment letters resolve this ambiguity. Moreover, minutes from other board meetings refer to the teaching positions with varying names, so the significance of any single label in these minutes is minimal.

We find no support in the record for the respondents'

assertion that a teacher in 1974 successfully sought reinstatement by way of a proceeding pursuant to CPLR article 78 on the basis that science and health were part of a "General Junior High School tenure area". Rather, that teacher's reinstatement was based on the argument that the seventh grade science-health education course she had taught was equivalent in content and teaching experience to her health education teaching and that it should be applied towards her probationary period as a health teacher. The respondents' other arguments in this regard are similarly misplaced.

The board's decision in 1983 to group the health teachers together with other junior high school teachers was arbitrary and capricious, and could only be viewed as an impermissible retrospective reclassification (see, Education Law § 2510; Matter of Baer v Nyquist, 34 NY2d 291, 294, 297, supra). Accordingly, it should have excessed the least senior health teacher, the respondent Milani, instead of the petitioner Pasetsky.

We agree with Special Term's decision that petitioner Axelrod's claim is time barred. In addition, his claim (and that of those "similarly situated") could only have succeeded if the board were correct in treating health teachers in a horizontal tenure area. Since that is not so, his claim has no merit. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.