[616 NYS2d 911]

In the Matter of BARBARA FREEMAN, Respondent, v BOARD OF EDUCATION OF THE HEMPSTEAD SCHOOL DISTRICT, Appellant.

Second Department, October 3, 1994

## APPEARANCES OF COUNSEL

*Berkman, Henoch, Peterson & Peddy,* Garden City *(Michele Gapinski* of counsel), for appellant.

*Kaplowitz & Galinson,* Garden City *(Daniel Galinson* of counsel), for respondent.

## OPINION OF THE COURT

BALLETTA, J. P.

The resolution of this case requires inquiry into the rather murky case law surrounding tenure—in particular, two different statutory and regulatory provisions governing the rehiring or continued employment of a tenured teacher, including the right to displace (or "bump") less senior teachers: Education Law § 2510 (3) and 8 NYCRR 30.13.

The appellant Board of Education of the Hempstead School District (hereinafter the Board) removed the petitioner from her position as a School Nurse Teacher after her position was abolished. The petitioner argued that because she was also tenured in the health area, she had the right to displace (or "bump") any less senior health teacher. The Board argued that the petitioner did not have the right to displace a less senior health teacher because she was neither tenured in nor certified to teach health. The Supreme Court agreed with the petitioner, and directed her reinstatement as a tenured health teacher with back pay and benefits. We now reverse, finding that the petitioner has no right to displace (or "bump") any less senior health teacher under Education Law § 2510 (3), and remit the matter to the Supreme Court for further fact-finding to determine whether the petitioner has (1) any right to be placed on the preferred eligible list under Education Law § 2510 (3) and (2) any claim under 8 NYCRR 30.13.

In September 1976 the petitioner was appointed to a probationary term as a "School Nurse Teacher". On July 1, 1977, the Board abolished several positions in the tenure area of School Nurse Teacher, and the petitioner was "excessed" from her position. However, effective the same date, she was appointed to a position as a Registered Nurse and continued as such until September 1, 1982, at which time she was reinstated to the position of a School Nurse Teacher.

From September 1982 through June 1991 the petitioner performed services in the tenure area of School Nurse Teacher. It is undisputed that at various times throughout this period, the petitioner taught "health" or "health related topics" at the elementary and high school levels. However, effective July 1, 1991, the Board abolished the position of School Nurse Teacher, and the petitioner was "excessed" and her services terminated. Subsequent thereto, in September 1991 the petitioner was certified to teach health by the New York State Department of Education.

Initially, it should be noted that the petitioner does not contend that she was improperly "excessed" as a School Nurse Teacher (see, Education Law § 2510 [2]). Rather, her argument is essentially that she was entitled to be reassigned as a health teacher. In this regard, there are two basic provisions in the law governing the rehiring or continued employment of a tenured teacher—Education Law § 2510 (3) and the New York State Board of Regents Rules at 8 NYCRR 30.13. Here, the petitioner asserts claims under both.

# I

█ Pursuant to Education Law § 2510 (3), when an office or position is abolished or consolidated with another office or position without the creation of a new position, the person formerly filling such a position: "shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled" (Education Law § 2510 [3] [a]).

In order to be eligible for rehire under Education Law § 2510 (3), three prerequisites must be met: (1) the position sought must be "similar" to the position abolished, (2) the petitioner must be "qualified", and (3) the petitioner must have seniority in the district (see, Matter of Mahony v Board of Educ., 140 AD2d 33; Matter of Dionisio v Board of Educ. [No. 35], 128 AD2d 524; Matter of Kohler v Board of Educ., 122 AD2d 878). The petitioner need not be tenured in the "similar" area (see, Matter of Cole v Board of Educ., 90 AD2d 419, affd 60 NY2d 941). Indeed, seniority under this section has been construed to include any and all service within the system, not just within the specific tenure area at issue (see, Matter of Cole v Board of Educ., supra).

Education Law § 2510 (3) only concerns the filling of an existing vacancy or a vacancy that may occur in the future. The term "vacancy" is defined as a position for which there is no incumbent (see, Matter of Brewer v Board of Educ., 51 NY2d 855). Here, the clear import of the petitioner's argument is that she has the right to displace (or "bump") a less senior health teacher from an existing health position. However, bumping rights are not granted pursuant to section 2510 (3) but, rather, are granted under 8 NYCRR 30.13 (discussed infra; see, Matter of Rippe v Board of Educ., 64 NY2d 281, 285). Thus, unless there was a vacancy in the health area, either at the time she was "excessed" from her position as a School Nurse Teacher or at some point in time thereafter, section 2510 (3) would not require the petitioner to be rehired. Since the petitioner has not alleged that such a "vacancy" existed in the health area, she has failed to state a claim under section 2510 (3), except to the extent that she may be eligible for placement on the preferred eligible list from which

she could be rehired in the event that a vacancy does occur in the future.

The Board's main argument that the petitioner's lack of certification in health precludes her from being appointed to a health position is not determinative. While it is true that a lack of certification for the position sought renders it not "similar" to the position abolished (see, *Matter of Ward v Nyquist,* 43 NY2d 57; *Matter of Chauvel v Nyquist,* 43 NY2d 48; *Matter of Smith v Board of Educ.,* 97 AD2d 795; *Matter of Schimmel v Board of Educ.,* 111 AD2d 966), and that section 2510 (3) neither compels nor authorizes the hiring of a teacher for a position for which he or she is not certified (see, *Matter of Winter v Board of Educ.,* 79 NY2d 1; *Matter of Beeman v Board of Educ.,* 114 AD2d 359; *Matter of Du Bois v Board of Educ.,* 104 AD2d 990; *Matter of Cole v Board of Educ.,* 90 AD2d 419, *affd* 60 NY2d 941, *supra),* the record herein reveals that the petitioner was to be certified to teach health as of September 1, 1991, "upon resolution of the matter concerning your employment as a Health teacher with the Hempstead Public Schools". Therefore, had she been rehired as a health teacher for the 1991-1992 school year, she would have had the requisite certification (provided "the matter concerning your employment as a Health teacher with the Hempstead Public Schools" was resolved). Thus, in a very real sense, the Board would not have been hiring an uncertified teacher to teach health.

Furthermore, while the burden of obtaining a certificate is the primary responsibility of the teacher (see, *Matter of Board of Educ. of Schroon Lake Cent. School Dist.,* 20 Ed Dept Rep 62), here it appears that the procrastination of the Board was at least partially responsible for any delay in the petitioner obtaining certification to teach health. In a letter dated September 12, 1991, from the New York State Education Department to the Board, the State noted that the petitioner had applied for certification in health and requested that the Board submit the proper application for a temporary license.

Accordingly, as to the petitioner's claim under Education Law § 2510 (3), there are numerous issues of fact which are not resolvable from the record before this Court. In addition to the lack of any evidence as to whether there were any vacancies for which an appointment could be made from the preferred eligible list, neither of the parties has presented any evidence as to whether the health position sought by the petitioner herein is "similar" to the School Nurse Teacher

position from which she was "excessed" *(see, Matter of Jester v Board of Educ.,* 109 AD2d 1004; *see also, Greenspan v Dutchess County Bd. of Coop. Educ. Servs.,* 96 AD2d 1028) so as to require that the petitioner be placed on the preferred eligible list. Further, there is no proof as to the petitioner's seniority vis-à-vis any other excessed teachers on the preferred eligible hire list. Finally, there are the questions of fact surrounding the petitioner's certification, or lack thereof, in the area of health.

## II

Pursuant to 8 NYCRR 30.13, a teacher who loses a position due to the abolition of that position but who has tenure or is in probationary status in any additional tenure area created by the part: "shall be transferred to such other tenure area in which he has the greatest seniority and shall be retained in such area if there is a professional educator having less seniority than he in such other tenure area" (8 NYCRR 30.13 [c]).

This process continues to all areas in which the petitioner has tenure, with the petitioner having the right to displace (or "bump") any less senior teacher within any area in which the petitioner has tenure and seniority (8 NYCRR 30.13 [d]). In *Matter of Rippe v Board of Educ.* (64 NY2d 281, *supra),* the Court of Appeals held that the rights granted under section 30.13 applied only to teachers receiving a probationary appointment after the effective date of the rule, August 1, 1975, and only as to a tenure area created by the rule *(Matter of Rippe v Board of Educ., supra,* at 284). Thus, although a certain teacher had tenure from 1959, and thus more tenure than the petitioner, he had no bumping rights over the petitioner, because (1) his position (physical education) had been in existence before 8 NYCRR part 30 and was, therefore, not "created" by part 30, and (2) he did not receive a probationary appointment after August 1, 1975, the effective date of 8 NYCRR part 30. The Court also noted that to the extent that part 30 appeared inconsistent with the seniority provisions of Education Law § 2510, the inconsistency was a matter for the New York State Board of Regents to correct as, prior to the enactment of part 30, seniority did not include the right to bump.

As a threshold issue, the Board argues that the petitioner is not entitled to employment as a health teacher because she

never achieved tenure in that area. However, this argument must fail for several reasons.

Since the petitioner was tenured as a School Nurse Teacher since 1984, the relevant probationary period for gaining tenure in an additional tenure area was two years (see, Education Law § 3012 [1] [a]). Where, as here, a board of education: "proposes to assign a professional educator having tenure or in probationary status in a tenure area created by this Part in such a manner that he will devote a substantial portion of his time in a tenure area to which he has not previously been appointed, the board shall prior to such assignment confer a probationary appointment in accordance with * * * this Part" (8 NYCRR 30.9 [d]).

A "substantial portion" of time is defined as 40% or more of the total time spent by the teacher in the performance of his or her duties, exclusive of the time spent in preparation, monitoring, or in cocurricular activities (see, 8 NYCRR 30.1 [g]). At the end of such a new probationary period, the Board may grant or deny tenure. However, a teacher may gain tenure by estoppel even if the Board fails to affirmatively award tenure if the teacher continues to actually teach in the subject area, with the knowledge of the Board, beyond the probationary period (see, Ricca v Board of Educ., 47 NY2d 385; Matter of Lindsey v Board of Educ., 72 AD2d 185; Matter of Mugavin v Nyquist, 48 AD2d 727).

Here, although the Board does not dispute that 40% or more of the petitioner's teaching time at both the elementary and high school levels was spent teaching health, thereby satisfying the requirements of 8 NYCRR 30.1 (g), the Board argues that only the time that the petitioner spent teaching health at the high school level counts toward her probationary periods, and that since she did not teach health for more than two years at the high school level, she did not achieve tenure in this subject area by estoppel or otherwise. However, the Board not only fails to cite any authority for this argument, but, also, this argument appears incorrect. In Matter of Jones (17 Ed Dept Rep 161), the Commissioner held that for special subject areas, which include health (see, 8 NYCRR 30.8 [a] [8]), all teaching within the subject area in grades kindergarten through twelfth counted toward tenure (see also, Hicksville Congress of Teachers v Hicksville Union Free School Dist. Bd. of Educ., 118 AD2d 623). Indeed, although certain other sections in 8 NYCRR part 30 do break down tenure areas based on the grade level taught (see, e.g., 8 NYCRR 30.4, 30.5

[kindergarten through sixth grade], 30.6 [seventh and eighth grades]), no such similar breakdown is evident in 8 NYCRR 30.8. Thus, the time the petitioner taught health at the elementary school level counts towards tenure. Therefore, as the time the petitioner devoted to teaching health at both the elementary and high school level clearly exceeded the two-year probationary period, the petitioner achieved tenure in this area by estoppel.

Furthermore, even if the petitioner is not credited for the time she taught health at the elementary school level, she would still be entitled to tenure by estoppel. Here, the petitioner submitted a sworn affidavit asserting that she taught health for two and one-half years at the high school level, to wit, for the latter half of the 1986-1987 school year and for the 1987-1988 and 1988-1989 school years. The affidavit submitted by the Assistant Superintendent of Personnel failed to raise a bona fide issue to rebut these assertions. Thus, even discounting her elementary school service, the petitioner achieved tenure by estoppel in health. Further, although it appears that the petitioner never received a formal probationary appointment in health, we find that this fact is not controlling in light of the mandatory dictates of 8 NYCRR 30.9 *(cf., Ricca v Board of Educ.,* 47 NY2d 385, *supra).*

However, this does not completely resolve the petitioner's rights under 8 NYCRR 30.13. Here, as just discussed, the petitioner must be deemed to have received her probationary appointment in the tenure area of health in 1987 when she first devoted a substantial portion of her time to the subject. Thus, as this date was after the relevant date under 8 NYCRR part 30—August 1, 1975—the first requirement under *Matter of Rippe v Board of Educ.* (64 NY2d 281, *supra)* is met. However, there is no evidence in the record as to whether the tenure area of "health" existed in the appellant school district prior to, or after, August 1, 1975. Accordingly, this case must be remitted to the trial court for further findings of fact as to this issue; i.e., whether such a position was "created" by part 30.

In passing, while it is noted that there are no cases interpreting 8 NYCRR 30.13 as requiring that the teacher doing the "bumping" be certified to teach in the area in which she will bump another less senior teacher, this requirement would appear to be appropriate based on both common sense and 8 NYCRR 30.11, which states: "Nothing herein * * * shall be construed to authorize or require a board of education or

board of cooperative educational services to place or retain an individual in a position for which such individual does not possess appropriate certification."

As previously discussed, the record herein indicates that the petitioner was in the process of being certified to teach health as of September 1, 1991, and, therefore, there is a question of fact as to whether she had the necessary qualifications to "bump" another health teacher.

Accordingly, the judgment is reversed, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and further findings of fact, in accordance herewith.

COPERTINO, FRIEDMANN and GOLDSTEIN, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and further findings of fact, in accordance herewith.