■ In the Matter of JUDITH SCHOENFELD, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondent Board of Cooperative Educational Services (BOCES) of Nassau County to reinstate petitioner to a position as a full-time cosmetology teacher *nunc pro tunc* to March 7, 1982, petitioner appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered October 22, 1982, which dismissed her petition on the merits. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the determination by BOCES of the relative seniority of petitioner vis-à-vis Ann Buffone and William Corsini is vacated and annulled and the matter is remitted to BOCES of Nassau County for a new determination of seniority and further proceedings not inconsistent herewith. Petitioner was a part-time cosmetology teacher for

respondent BOCES in the latter part of the 1977-1978 school year. In a letter dated June 23, 1978 petitioner was informed by the principal of her school that her anticipated 1978-1979 assignment would be as a full-time teacher of cosmetology. From the record, it is clear that petitioner was replacing the first of two retiring teachers. Due to a BOCES oversight, petitioner never received a formal notice of her probationary appointment. She did, however, commence full-time teaching on September 1, 1978, and, in a letter dated September 22, 1981, was informed that she was awarded tenure by estoppel effective September 1, 1981. Two other cosmetology teachers, Ann Buffone and William Corsini, commenced full-time duties on September 1, 1978, the same day as petitioner. Respondent Ann Buffone received her formal appointment on August 3, 1978, and respondent William Corsini received his formal appointment on August 31, 1978. Both Buffone and Corsini were recommended for and awarded tenure upon the completion of their three-year probationary period. In February, 1982, petitioner was informed that due to budgetary constraints, her full-time position was being eliminated effective March 7, 1982. Buffone and Corsini were retained. BOCES had determined under its seniority procedure, promulgated in April, 1978, that both Buffone and Corsini were senior to petitioner. Under that procedure, seniority disputes between teachers are resolved based on the following criteria, in order of priority: (1) Commencement date adjusted for "breaks in service"; (2) "The date the Board appointed the individual (Personnel Actions Report date)"; (3) "The date a letter of intent was issued"; (4) "The date of application"; and (5) "The order of listing of the Personnel Actions Report". The BOCES board only moves to the next criterion if consideration of the prior criterion results in equal seniority of two or more employees. In the present case, BOCES determined that as to actual full-time service, all three teachers had equal seniority, each having the same commencement date. BOCES then moved to the next criterion, the personnel actions report date, i.e., date of appointment of the respective teachers. Both Buffone and Corsini were appointed in August, 1978. However, petitioner never received a formal appointment. BOCES, therefore, applied a legal fiction and deemed petitioner's commencement date of September 1, 1978, as her personnel actions report date. Thus, it was determined that petitioner was less senior than Buffone and Corsini. In this proceeding, petitioner challenges that determination. Special Term upheld BOCES' determination of her seniority vis-à-vis Buffone and Corsini. We reverse. It is well established that a school district which abolishes a position for economic reasons is required by statute to discontinue "the services of the teacher having the least seniority in the system within the tenure of the position abolished" (Education Law, § 2510, subd 2; see *Matter of Cole v Board of Educ.,* 90 AD2d 419). The general rule is that actual full-time service rendered is the first criterion for determining seniority (see *Matter of Dreyfuss v Board of Educ.,* 76 Misc 2d 479, affd 45 AD2d 988; *Matter of Fallick,* 18 Ed Dept Rep 586, confirmed *Matter of Fallick v Ambach,* Supreme Ct, Albany County, Feb. 11, 1980, Hughes, J.). If such service is equal, the teachers' respective appointment dates are to be used for seniority purposes (see *Matter of Ferguson,* 14 Ed Dept Rep 102; *Matter of Fallick, supra; Matter of Ducey,* 65 NY St Dept Rep 65; see, also, *Matter of Sommers,* 19 Ed Dept Rep 99). However, there is no set procedure for establishing seniority. If two teachers have equal service time, the board's discretion dictates who is to be retained (see *Matter of Cesaratto,* 17 Ed Dept Rep 23). In *Matter of Sommers* (*supra*) the Commissioner of Education held that a board of education may determine a means by which to establish the relative seniority of teachers. If the system used by the board is reasonable, the seniority determination will not be set aside. Clearly, the method of determining seniority promulgated by BOCES was reasonable. The criteria used and

priorities set among those criteria constituted a rational process sufficient to eliminate subjective determinations. BOCES did not, however, apply its procedure in a reasonable manner and, therefore, its determination must be annulled. It was improper and unreasonable for BOCES to use the appointment date as a criterion once it realized that petitioner never received formal appointment (*Matter of Nicolette,* 17 Ed Dept Rep 381, 385). BOCES should have treated the appointment dates as equal and moved to the next criterion, i.e., the date letters of intent were issued. This matter must be remitted to BOCES for a new determination of seniority not inconsistent herewith. Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.