■ In the Matter of SANDY KRANSDORF, Respondent, v BOARD OF EDUCATION OF THE NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Northport-East Northport Union Free School District which, *inter alia,* terminated the petitioner from her probationary position as a teacher of mathematics, the Board of Education of the Northport-East Northport Union Free School District, William Brosnan as Superintendent of Schools, and Donna Sheehan appeal from a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated March 26, 1990, which granted the petition seeking, *inter alia,* the petitioner's reinstatement as a full-time teacher of mathematics, and remitted the matter to the Board of Education to reevaluate the petitioner's employment status in accordance with the decision of the same court dated February 28, 1990.

Ordered that the judgment is affirmed, with costs.

We agree with the determination of the Supreme Court that the petitioner was entitled to be credited with her years of service as a regular substitute teacher of mathematics prior to her appointment to a probationary teaching position in that area.

Education Law § 2509 (1) (a) provides that "[t]eachers * * * shall be appointed by the board of education * * * for a probationary period of three years, except that in the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years * * * the probationary period shall be limited to one year". The petitioner taught as a regular substitute teacher during the 1984-1985, 1985-1986, and 1986-1987 school years. She was then assigned to a part-time teaching position from September 8th to September 14th of 1987, prior to receiving her probationary appointment as a full time teacher.

We find that it was the Board of Education's own delay in creating an appropriate number of classes for its students that prevented the petitioner from being appointed to her probationary position at the commencement of the school year, instead of six days later. The petitioner is therefore entitled to seniority credit for her years of regular substitute teaching even though this service did not immediately precede her appointment to the probationary position (see, Ricca v Board of Educ., 47 NY2d 385; Matter of Crandall, 20 Ed Dept Rep 16). The tenure system must be construed broadly in favor of the teacher, and it is necessary to strictly police procedures to prevent corruption of the system by manipulation of the requirements for tenure (see, Ricca v Board of Educ., supra, at 391). Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.