OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Respondent Board of Education appointed petitioner to the position of regular substitute mathematics teacher for the school years 1984-1985, 1985-1986 and 1986-1987. In July 1987, the Board appointed petitioner as a part-time (80%) math teacher for the 1987-1988 school year, which began on September 9, 1987. On October 5, 1987, however, the Board named petitioner to a full-time probationary position and made her appointment retroactive to September 14,1987. As a result, petitioner was considered part-time (80%) for a period of four working days — from September 9 to 14, 1987. Petitioner served as a full-time probationary math teacher for the 1987-1988 and 1988-1989 school years.
 

 In June 1989, the Board notified petitioner that her position would be "excessed” under Education Law § 2510 and that she would be terminated because of her relative lack of seniority.
 
 *873
 
 The Board calculated her seniority from September 14, 1987, when it retroactively appointed her as a full-time probationary mathematics teacher, giving her no seniority credit for the prior three years as a full-time substitute teacher. Another teacher, however, began working as a full-time substitute in 1985-1986 and, by the end of the 1988-1989 school year, had acquired four years of seniority. If petitioner’s three years of prior regular substitute service had been added to her two years as a full-time probationary teacher, she would have had a total of five years’ experience and more seniority than the other teacher.
 

 Petitioner commenced this CPLR article 78 proceeding, requesting a judgment awarding seniority and tenure credit for her three years as a full-time substitute teacher and reinstating her as a full-time tenured teacher. Supreme Court granted the petition to the extent of remitting the matter to the Board, holding that petitioner’s three years’ full-time substitute service should have been credited toward her seniority and tenure. That court also denied the Board’s motion for reargument. The Appellate Division affirmed unanimously
 
 (Matter of Kransdorf v Board of Educ.,
 
 181 AD2d 771). This Court granted the Board’s motion for leave to appeal.
 

 The only issue the parties address in this appeal pertains to petitioner’s seniority in the application of Education Law § 2510 which states that "[wjhenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued” (Education Law § 2510 [2]). In 1943, the Commissioner held that computation of a probationary teacher’s seniority should include full-time regular substitute service rendered prior to the teacher’s probationary appointment
 
 (see, Matter of Ducey,
 
 65 NY St Dept Rep 65). The question on this appeal is whether in computing petitioner’s seniority under Education Law § 2510 (2), she should be credited with the three years of full-time substitute teaching even though those years did not immediately precede her appointment to the probationary position. In answering this question, we give due deference to a recent decision of the Commissioner of Education
 
 (see, Matter of Carey,
 
 31 Ed Dept Rep 394) and a regulation of the Commissioner defining seniority (8 NYCRR 30.1 [f]).
 

 In
 
 Carey,
 
 the question involved the credit to be given to petitioner for her years of service as a full-time substitute teacher prior to her appointment, effective September 1, 1981,
 
 *874
 
 to a three-year probationary period as a home economics teacher. Prior to September 1, 1981, petitioner had been employed by the district continuously for six years. For most of this period her status was as a full-time substitute, but there were two interruptions of several months duration when she taught part time, the most recent being the five-month period preceding her probationary appointment. In 1991 the district abolished one of two home economics positions. Because petitioner’s full-time substitute teaching did not immediately precede her appointment she was not given seniority credit for her years of full-time substitute service and was excessed.
 

 The Commissioner reversed the district’s determination. Prior to
 
 Carey,
 
 we had said that the purpose of Education Law § 2510 "is to provide a mandatory preference in rehiring for those unfortunate school employees who lose their positions through the practice of 'excessing’ ”
 
 (Matter of Brewer v Board of Educ.,
 
 51 NY2d 855, 857). In
 
 Carey,
 
 the Commissioner, in interpreting Education Law § 2510, cited
 
 Brewer,
 
 holding, in effect, that the section’s salutary purpose is furthered by allowing seniority credit for full-time substitute teaching even though interrupted. The Commissioner thus stated:
 

 "Teachers lose their seniority rights when they sever service with the school district
 
 (Matter of Ducey,
 
 65 St Dept Rep 65, 68,
 
 supra).
 
 A teacher whose full-time service is interrupted by part-time service in the same district, however, does not lose the right to claim such prior full-time service for purposes of seniority”
 
 (Carey, supra,
 
 at 396 [citing
 
 Matter of Walsh,
 
 17 Ed Dept Rep 434;
 
 Matter of Blanchard,
 
 14 Ed Dept Rep 260]).
 

 The Commissioner cited as additional support for the holding 8 NYCRR 30.1 (f) which, in pertinent part, reads:
 

 "length of service in a designated tenure area, rather than length of service in the district;
 
 such service need not have been consecutive
 
 but shall during each term for which seniority credit is sought, have constituted a substantial portion of the time of the professional educator” (emphasis added).
 

 Because Education Law § 2510, on its face, requires interpretation and the Commissioner’s interpretation is neither irra
 
 *875
 
 tional nor unreasonable, it should be accepted
 
 (see, Matter of Robins v Blaney,
 
 59 NY2d 393, 397).
 

 We reject the Board’s contention that prior holdings of the Commissioner
 
 (e.g., Matter of Crandall,
 
 20 Ed Dept Rep 16;
 
 Matter of Ducey,
 
 65 NY St Dept Rep 65,
 
 supra)
 
 are contrary to our determination or at odds with
 
 Matter of Carey.
 
 The Board cites no ruling of the Commissioner suggesting that full-time substitute work
 
 must come
 
 immediately before the full-time probationary appointment.
 
 *
 
 In any event,
 
 Carey
 
 as well as 8 NYCRR 30.1 (i) plainly state that seniority credit for full-time substitute teaching under Education Law § 2510 (2) need not immediately precede full-time probationary experience.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 Crandall
 
 and
 
 Ducey
 
 merely held that teachers who receive probationary jobs "are entitled to seniority credit for services performed as regular substitute teachers immediately prior to their probationary appointments”
 
 (Crandall, supra,
 
 at 17). Thus,
 
 Crandall
 
 and
 
 Ducey
 
 stand only for the proposition that credit for full-time substitute experience can be given where such experience immediately precedes a probationary position.