■ In the Matter of GEORGE E. GERSON, Appellant, v BOARD OF EDUCATION OF THE COMSEWOGUE UNION FREE SCHOOL DISTRICT, Respondent, et al., Respondents. [625 NYS2d 616] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Comsewogue Union Free School District, dated April 20, 1992, which eliminated his position as Chairperson of the Science Department effective July 1, 1992, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (McInerney, J.), entered March 18, 1993, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

On March 15, 1982, the Board of Education of the Comsewogue Union Free School District (hereinafter the Board) awarded the petitioner tenure in the secondary science tenure area effective September 1, 1982. On June 15, 1987, the petitioner was appointed Chairperson of the Science Department and on July 1, 1991, he received tenure in this position. In April, 1992, the Board notified the petitioner that the position of Science Department Chairperson had been abolished and terminated the petitioner's employment effective July 1, 1992. On July 1, 1992, the petitioner applied for termination benefits. The petitioner received these benefits approximately three weeks later.

Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78, claiming that pursuant to 8 NYCRR 30.13, upon the abolishment of his Chairperson position, he had the right to be transferred to a science teacher position and displace a less senior science teacher. The Supreme Court dismissed the petition on the ground, *inter alia,* that the petitioner waived the right to challenge his excessment by accepting his termination benefits. We agree.

Waiver of a teacher's tenure rights must be knowingly and freely given *(see, Matter of Gould v Board of Educ.,* 81 NY2d 446, 452; *Matter of Abramovich v Board of Educ.,* 46 NY2d 450, 455). Here, the petitioner knew that termination benefits were payable only upon separation from the Comsewogue School District. In addition, the petitioner never informed the Board that he wished to be transferred to a teaching position. Moreover, the petitioner does not contend that the Board misrepresented that he was not entitled to a teaching position *(cf., Matter of Gould v Board of Educ.,* 81 NY2d 446, *supra* [teacher's resignation ineffective because it was based upon Board's misrepresentation that she was not tenured]). The petitioner asserts that he believed from the time he was

appointed Chairperson that if that position was abolished, he would be transferred to a teaching position. Thus, the petitioner cannot now allege that when he accepted the termination benefits he did not know his rights. Hence, the petitioner knowingly waived his right to challenge his excessment by accepting his termination benefits. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.