■ In the Matter of LINDA DONATO, Appellant, v BOARD OF EDUCATION OF PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT et al., Respondents, and DOROTHY WOHL, Additional Respondent. [695 NYS2d 591] —In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondent Board of Education of the Plainview-Old Bethpage Central School District to appoint the petitioner to the position of Social Studies Department Chairperson K-12, the petitioner appeals from an order and judgment of the Supreme Court, Nassau County (DiNoto, J.), dated June 15, 1998, which, *inter alia*, granted that branch of the respondents' motion which was to dismiss the proceeding as time-barred.

Ordered that the order and judgment is reversed, on the law, with costs, that branch of the motion which was to dismiss the proceeding as time-barred is denied, and the matter is remitted to the Supreme Court, Nassau County, for consideration of the remaining branch of the respondents' motion.

In 1966, the petitioner was hired by the Plainview-Old Bethpage Central School District (hereinafter the School District) as a Social Studies teacher. On September 1, 1981, she was appointed to the position of Social Studies Chairperson and acquired tenure in that position effective September 1, 1984. In 1991 her position was eliminated for budgetary reasons. In accordance with Education Law former § 2510 (3) (a) (*see,* Education Law § 3013 [3] [a]), the petitioner's name was placed on a "preferred eligible list" for appointment to any vacancy which might arise in a similar position within seven years from the date her position was abolished.

Effective September 1, 1997, the School District hired Dorothy Wohl, the additional respondent, as Social Studies Department Chairperson K-12. When the petitioner learned of the position, she wrote to the respondent Anthony Cavanna, the Superintendent of the School District, claiming entitlement to the position based on her preferred eligible status. By letter dated October 15, 1997, her request for appointment to the position was denied. She commenced this CPLR article 78 proceeding against Cavanna and the School District's Board of Education (hereinafter the Board) on or about January 29, 1998.

The Board and Cavanna moved to dismiss the proceeding on the ground, *inter alia*, that it was time-barred. That branch of

their motion was based on their claim that the petitioner's name had purportedly been removed from the preferred eligible list in 1992 for her failure to apply for a vacant position and she had not timely challenged her removal. The Supreme Court granted that branch of the motion and dismissed the proceeding. We reverse.

The petitioner timely commenced this proceeding within four months of the Board's refusal to appoint her to the position which became available in 1997 (see, CPLR 217 [1]). There is no proof that her name was actually removed from the list in 1992 (cf., Matter of Sopher v Board of Educ., 97 AD2d 768). In fact, in 1994 litigation between the petitioner and the School District involving the petitioner's entitlement to another vacancy, the School District conceded that the petitioner was preferentially eligible for reinstatement to her abolished position or a similar one. Clearly, then, it had not removed her name from the preferred eligible list in 1992. Since the petitioner's claim accrued in 1997 and not in 1992, this proceeding is not time-barred. Thompson, J. P., Altman, Feuerstein and Schmidt, JJ., concur.