■ In the Matter of DAKIN MOREHOUSE, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [702 NYS2d 406] —Crew III, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 13, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education denying petitioner's request to reinstate his employment as a teacher for the 1997-1998 school year.

Petitioner is a retired teacher who formerly was employed by respondent Board of Education of the Hunter-Tannersville Central School District (hereinafter the Board) as a full-time teacher of industrial arts and technology. Petitioner was so employed from February 1987 through June 1992, when the Board reduced his full-time position to two half-time positions for the 1992-1993 school year. In June 1993, the Board abolished petitioner's half-time position and contracted with the Otsego-Northern Catskill Bureau of Cooperative Educational Services (hereinafter BOCES) to provide technology instruction to the school district's students. As a consequence, petitioner became a full-time employee of BOCES. Apparently unhappy with his employment, petitioner took early retirement effective June 30, 1996.

In March 1997 petitioner, upon learning that the Board had posted a vacancy for the newly created position of "technology teacher", wrote to the Board asserting that he was entitled to reemployment in that position by operation of Education Law §§ 2510 and 3013, which provide that an individual employed by a public school system, whose position has been abolished or consolidated with another position, shall be placed upon a "preferred eligible list" of candidates to be hired in the event that a "similar" position becomes available within seven years from the date his or her employment ended. The Board rejected petitioner's request and petitioner appealed that decision to respondent Commissioner of Education. The Commissioner dismissed petitioner's appeal on the ground that "petitioner's retirement from the teaching profession * * * effectively removed him from * * * the [recall] list". The Commissioner further opined that, alternatively, petitioner's appeal should be dismissed because petitioner failed to demonstrate that the newly created position was similar to the position he formerly held with the school district. Petitioner thereafter commenced the instant CPLR article 78 proceeding seeking a judgment annulling the Commissioner's decision and an order directing the Board to offer him the newly created technology teaching position. Supreme Court dismissed the petition and this appeal ensued.

We affirm. While it has been held that the "recall rights" embodied in Education Law §§ 2510 and 3013 survive an individual's acceptance of other employment (*see, Matter of Lewis v Cleveland Hill Union Free School Dist.*, 119 AD2d 263, 266), such rights do not survive an individual's formal retirement (*see, Matter of Girard v Board of Educ.*, 168 AD2d 183, 184-185; *see also, Matter of Gerson v Board of Educ.*, 214 AD2d 732). Here, it is uncontroverted that petitioner retired from the teaching profession in 1996, thereby surrendering any rights he previously enjoyed as a public school employee, including his recall rights. In any event, petitioner's appeal was appropriately dismissed, as noted by the Commissioner, inasmuch as there was no record evidence demonstrating that the newly created position of "technology teacher" was similar to the position petitioner previously held (*see generally, Matter of Brown v Board of Educ.*, 211 AD2d 887).

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.