OPINION OF THE COURT
 

 Rosenblatt, J.
 

 The Board of Education of the Westport Central School District abolished petitioner’s position as a school psychologist and replaced it with a new elementary school counselor position. The issue in this appeal is whether Education Law § 2510 (1) gives petitioner a right to be re-employed in the new position. As petitioner was not certified as an elementary school counselor, we conclude that the Commissioner of Education did not abuse his discretion in determining that petitioner is not entitled to re-employment under Education Law § 2510 (1).
 

 Petitioner served as a school psychologist for the District between 1990 and 1995. In 1995, the District reduced her full-time psychologist position to part-time, then abolished it completely in March 1997 and terminated petitioner. That month, the District created a part-time position of elementary school counselor and assigned to it some duties of the former psychologist position. The District then appointed someone else to the new position. Petitioner challenged neither the abolition
 
 *124
 
 of her psychologist position nor the creation of the counselor position. In December 1997, the District expanded the counselor position to full-time.
 

 Petitioner brought an administrative petition before the District Board of Education claiming a right under Education Law § 2510 (1) to be re-employed in the newly-created position. That statute provides that when a “board of education abolishes an office or position and creates another office or position for the performance of duties
 
 similar
 
 to those performed in the office or position abolished,” the employee who served in the former position has a right to be re-employed in the new position (Education Law § 2510 [1] [emphasis added]). After a hearing, the District denied petitioner re-employment.
 

 On administrative appeal, the Commissioner of Education held that petitioner was not entitled to re-employment because the former psychologist position and new elementary school counselor position were not “similar” within the meaning of the statute. In support of that conclusion, the Commissioner noted that the two positions were in different tenure areas and required different certifications, petitioner was not certified as a school counselor, and the counselor’s duties excluded many duties previously assigned to the school psychologist.
 

 Petitioner brought this CPLR article 78 proceeding to annul the Commissioner’s determination as arbitrary and capricious, and to assert her right to re-employment under section 2510. Supreme Court dismissed the petition, and the Appellate Division affirmed (285 AD2d 703, 703-704 [2001]). We now affirm.
 

 The right to re-employment under section 2510 is essential to safeguard teacher tenure against administrative circumvention
 
 (see e.g. Matter of Chauvel v Nyquist,
 
 43 NY2d 48, 54-55 [1977] [Cooke, J., dissenting]). However, the statutory right to re-employment is not absolute. “When seeking re-employment rights [under section 2510] the threshold question must be one of certification to teach in the position sought. Absent such certification, re-employment rights cannot attach”
 
 (Matter of Ward v Nyquist,
 
 43 NY2d 57, 63 [1977];
 
 see also Winter v Board of Educ. for Rhinebeck Cent. School Dist.,
 
 79 NY2d 1, 8 [“The suggestion * * * that Education Law § 2510
 
 requires
 
 a school district to reassign a teacher whose position has been abolished to teach a subject that (s)he is uncertified to teach finds no support in the statute”],
 
 rearg denied
 
 79 NY2d 978 [1992]).
 

 In the case before us, the Commissioner determinéd — and it is not disputed — that petitioner is not certified as an elemen
 
 *125
 
 tary school counselor. Thus, under
 
 Ward,
 
 the Commissioner’s determination denying petitioner re-employment was neither arbitrary nor irrational, and this Court will not disturb it
 
 (see e.g. Matter of Kransdorf v Board of Educ. of Northport-E. Northport Union Free School Dist.,
 
 81 NY2d 871, 874-875 [1993]).
 

 Notwithstanding
 
 Ward,
 
 petitioner argues that the former psychologist position and new counselor position are “similar” under section 2510 (1) because the former position encompassed the duties of the new one. Petitioner also argues that she is entitled to re-employment in the new position because she is “qualified” to perform its duties, as shown by her unquestioned authority to perform them as former school psychologist. We decline petitioner’s invitation to supplant the certification requirement of
 
 Ward
 
 with a fact-intensive assessment of fitness for re-employment under section 2510. The Commissioner determined that school counselors must be
 
 certified
 
 and that, as a prerequisite to certification, applicants must have specific field experience distinct from petitioner’s field experience as a psychologist. For example, a school counselor must complete “30 semester hours * *
 
 *
 
 in the field of school counseling, including supervised practice in guidance” (8 NYCRR 80-2.3 [b] [1] [i]), while a school psychologist must complete a graduate-level “supervised internship in the field of school psychology” (8 NYCRR 80-2.3 [e] [1]). As petitioner does not challenge the validity of these regulations, she may not rely on her experience or qualifications as a psychologist to substitute for obtaining certification as a school counselor.
 

 Moreover, this Court treads gently in second-guessing the experience and expertise of state agencies charged with administering statutes and regulations
 
 (see e.g. Ward,
 
 43 NY2d at 63;
 
 see also Steele v Board of Educ. of City of N.Y.,
 
 40 NY2d 456, 463 [1976]). It is for the Commissioner in the first instance, and not for the courts, to establish and apply criteria to govern the selection and retention of qualified educators and staff. Particularly where petitioner does not challenge the certification requirement, we defer to the Commissioner’s sound discretion in applying that criterion.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Graffeo concur.
 

 Order affirmed, without costs.