■ In the Matter of LINDA DONATO, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [774 NYS2d 846]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Stein, J.), entered January 23, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education denying petitioner's request for appointment to a certain position in the Plainview-Old Bethpage Central School District.

Petitioner was hired in 1966 by the Plainview-Old Bethpage Central School District (hereinafter District) as a Social Studies teacher. In 1981, she was appointed to one of three District positions of Social Studies Chairperson. She was assigned to the Mattlin Middle School where she served until 1991 when respondent Board of Education of the Plainview-Old Bethpage Central School District eliminated that position. Pursuant to Education Law § 3013 (3) (a), petitioner's name was placed on

the preferred eligible list. She commenced a probationary appointment as an Assistant Principal, but was terminated in June 1993.* During such appointment, the District advised her of a vacancy for the position of District Supervisor in the Social Studies department; she did not pursue the position. In October 1996, after being unemployed for over three years, petitioner formally applied for, and ultimately received, retirement benefits. In 1997, the District created a new districtwide Social Studies Chairperson position. Petitioner's claim of entitlement to that position by relying upon her preferred eligible status was denied by the District. She thereafter commenced a CPLR article 78 proceeding. Although its initial dismissal as being time-barred was reversed and remanded (*see Matter of Donato v Board of Educ. of Plainview-Old Bethpage Cent. School Dist.,* 264 AD2d 843 [1999]), it was ultimately dismissed for her failure to have first sought review by respondent Commissioner of Education (*see Matter of Donato v Board of Educ. of Plainview-Old Bethpage Cent. School Dist.,* 286 AD2d 388 [2001]). Thereafter, the Commissioner dismissed her appeal upon finding that her formal retirement severed any rights which were previously garnered from her preferred eligible status and that, regardless, the districtwide position was not similar to her original position. This CPLR article 78 proceeding was commenced to challenge that determination. Supreme Court found the Commissioner's determination rational, petitioner's retirement voluntary and that all of her recall rights were surrendered upon her formal retirement. Petitioner appeals, and we affirm.

Recognizing that we may not substitute our judgment for that of the Commissioner unless we conclude that such determination was "arbitrary and capricious, lacked a rational basis or was affected by an error of law" (*Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ.,* 91 NY2d 133, 139 [1997]), we find no basis to disturb the determination rendered. Recall rights embodied in Education Law §§ 2510 and 3013 will survive a teacher's acceptance of other employment, but "such rights do not survive an individual's formal retirement" (*Matter of Morehouse v Mills,* 268 AD2d 767, 768 [2000], *lv denied* 95 NY2d 751 [2000]; *see Matter of Girard v Board of Educ. of City School Dist. of City of Buffalo,* 168 AD2d 183, 184-185 [1991]) unless it can be demonstrated that the decision to

---

* Following her termination, petitioner brought an action against the District challenging her termination (*see Donato v Plainview-Old Bethpage Cent. School Dist.,* 96 F3d 623 [1996], *cert denied* 519 US 1150 [1997]). She thereafter commenced a CPLR article 78 proceeding seeking to compel the District to reinstate her to a position as a Social Studies teacher.

retire was involuntary or made under duress (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.,* 81 NY2d 446, 451 [1993]). Before Supreme Court, petitioner first asserted that her decision to retire was not voluntary. We find no evidence to support that contention since economic reasons alone will not constitute compelling circumstances sufficient to undermine the "finality [that] must be given to resignations and retirements from service" (*Matter of Girard v Board of Educ. of City School Dist. of City of Buffalo, supra* at 185; *see Matter of Roman v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.,* 98 AD2d 835, 836 [1983], *lv denied* 61 NY2d 608 [1984]). We therefore agree with Supreme Court that the Commissioner rationally found petitioner's recall rights to have been extinguished upon her retirement and that such determination was not undermined by Education Law § 503 (5) which permits a return to active service after retirement but only "as a new hire" (*Matter of Girard v Board of Educ. of City School Dist. of City of Buffalo, supra* at 186).

As to petitioner's remaining contention that Supreme Court should have held an evidentiary hearing pursuant to CPLR 7804 (h) to resolve disputed issues of fact, we find no error. Supreme Court properly found the Commissioner to have fully weighed all evidence in reaching its rationally-supported determination (*see Matter of Conte v Town of Norfolk Zoning Bd. of Appeals,* 261 AD2d 734, 737 [1999]). With the issue regarding the similarity of these positions falling squarely within the Commissioner's experience and expertise, Supreme Court properly recognized that "[i]t is for the Commissioner in the first instance, and not for the courts, to establish and apply criteria to govern the selection and retention of qualified educators and staff" (*Matter of Davis v Mills,* 98 NY2d 120, 125 [2002]).

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.