# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1380**
**CA 12-01109**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

IN THE MATTER OF HEATHER ALESSI,
PETITIONER-APPELLANT,

V                                                    OPINION AND ORDER

BOARD OF EDUCATION, WILSON CENTRAL SCHOOL
DISTRICT AND KARLENE CIESLIK,
RESPONDENTS-RESPONDENTS.

WATSON BENNETT COLLIGAN & SCHECHTER, LLP, BUFFALO (CAROLYN NUGENT
GORCZYNSKI OF COUNSEL), FOR PETITIONER-APPELLANT.

HODGSON RUSS LLP, BUFFALO (KARL W. KRISTOFF OF COUNSEL), FOR
RESPONDENT-RESPONDENT BOARD OF EDUCATION, WILSON CENTRAL SCHOOL
DISTRICT.

RICHARD E. CASAGRANDE, LATHAM (SUSAN W. FULLER OF COUNSEL), FOR
RESPONDENT-RESPONDENT KARLENE CIESLIK.

-----------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered December 13, 2011 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law without costs, the petition is granted in part, the determination is annulled, and respondent Board of Education, Wilson Central School District, is directed to award seniority credit to petitioner for the period between November 6, 2006 and February 10, 2010 and to reinstate petitioner to her position as a full-time probationary teacher in the foreign language tenure area with back pay and benefits.

Opinion by PERADOTTO, J.: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent Board of Education, Wilson Central School District (District), that she was the least senior teacher in the foreign language tenure area. According to petitioner, the determination was affected by an error of law and was arbitrary and capricious. Petitioner also seeks "seniority credit" for the services that she rendered to the District from November 6, 2006 through February 10, 2010, reinstatement to her former position, and "restitution" for damages that she allegedly sustained as a result of the District's determination, which, in effect, terminated her employment.

Petitioner appeals from a judgment denying the petition.  We modify the judgment by granting the petition in part and annulling the District's determination.

                                    I

Petitioner was first hired by the District in September 2006 as a part-time Spanish teacher in the foreign language tenure area. Petitioner was employed in that capacity until November 6, 2006, when she was hired as a full-time probationary Spanish teacher in the same tenure area.  On June 9, 2009, the District granted petitioner tenure in the foreign language area commencing November 9, 2009.

At the time, petitioner had a provisional teaching certificate set to expire on September 1, 2009.  By July 2009, petitioner had completed all of the necessary requirements to obtain her permanent teaching certificate, with the exception of passing the Spanish Content Speciality Test (CST).  Petitioner took the CST in July 2009; she did not pass, and thus was not granted permanent certification to teach at that time.  In August 2009, the District was notified that petitioner had failed the CST.  Nonetheless, petitioner continued in her position as a full-time probationary Spanish teacher through the end of September 2009.

On October 1, 2009, the District's Superintendent demanded petitioner's immediate resignation because, having failed the CST, she was no longer certified to teach.  The Superintendent assured petitioner, however, that she would be "rehired" immediately as a full-time substitute Spanish teacher until she obtained her permanent teaching certification, whereupon the District would, according to the Superintendent, rehire her as a full-time probationary Spanish teacher.  Petitioner tendered her resignation and, the next day, resumed her regular teaching responsibilities, albeit now classified as a substitute teacher.

Petitioner retook the CST in December 2009, and she passed.  In February 2010, petitioner received her permanent teaching certificate, and the District, as promised, thereupon rehired her as a full-time probationary Spanish teacher.

During the 2010-2011 school year, petitioner was informed that a teaching position in the foreign language tenure area would likely be abolished due to upcoming budgetary constraints.  Pursuant to Education Law § 2510, a school district that abolishes a teaching position for economic reasons must discontinue "the services of the teacher having the least seniority in the system within the tenure of the position abolished" (§ 2510 [2]; *see Matter of Cole v Board of Educ., S. Huntington USFD*, 90 AD2d 419, 419-420, *affd* 60 NY2d 941; *Matter of Ward v Nyquist*, 43 NY2d 57, 62; *Matter of Kulick*, 34 Ed Dept Rep [Decision No. 13428], 1995 WL 17958467, *1; *Matter of Ducey*, 65 NY St Dept Rep 65, 65), and the District later determined that petitioner was that least senior teacher.  Consequently, in June 2011, the District notified petitioner that, "[d]ue to unforseen State aid

reductions," her employment would be discontinued at the end of the school year.  That determination is the subject of the instant proceeding.

                                    II

        Seniority is earned by both probationary and tenured teachers (*see Matter of Carey*, 31 Ed Dept Rep 394, 395; *see also Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272, 282; *Matter of Hofheins*, 18 Ed Dept Rep 503, 504), and, as a general rule, "is calculated on the basis of service within [a particular] tenure area" (*Cole*, 90 AD2d at 428; *see* 8 NYCRR 30-1.1 [f]).  Thus, the first criterion for determining a teacher's seniority is the "actual full-time service rendered" thereby (*Matter of Schoenfeld v Board of Coop. Educ. Servs. of Nassau County*, 98 AD2d 723, 724; *see Kulick*, 1995 WL 17958467, at *1; *Matter of Crandall*, 20 Ed Dept Rep 16, 19; *Matter of Matera*, 17 Ed Dept Rep 459, 460), including full-time regular substitute service in a particular tenure area prior to his or her probationary appointment in that same area (*see Crandall*, 20 Ed Dept Rep at 18; *see also Matter of Kransdorf v Board of Educ. of Northport-E. Northport Union Free School Dist.*, 81 NY2d 871, 873; *Carey*, 31 Ed Dept Rep at 395; *Ducey*, 65 NY St Dept Rep at 67).  The rationale for equating full-time substitute service with full-time probationary service for seniority purposes is that employment as a regular substitute "constitut[es] employment by the board of education on a permanent basis" (*Crandall*, 20 Ed Dept Rep at 18), and is "equivalent to service rendered pursuant to a probationary appointment" (*Matter of Silver*, 19 Ed Dept Rep 444, 448).  By contrast, an "itinerant" or per diem substitute assigned on a temporary, as-needed basis does not accumulate seniority (*see Carey*, 31 Ed Dept Rep at 395; *Matera*, 17 Ed Dept Rep at 459-460; *Ducey*, 65 NY St Dept Rep at 67).

        Here, it is undisputed that petitioner was first appointed to a full-time probationary position in the foreign language tenure area on November 6, 2006, approximately 10 months prior to respondent Karlene Cieslik's September 2007 appointment to the same position.  Generally, "[a] teacher whose appointment occurs first has a longer affiliation with the school district and, therefore, greater seniority . . . than the teacher who was appointed on a later date" (*Kulick*, 1995 WL 17958467, at *2).  It is likewise undisputed that petitioner taught Spanish in the foreign language tenure area on a continuous, full-time basis from November 2006 until her termination in June 2011, although her title changed several times during that period.  Throughout the changes in petitioner's title, her teaching duties remained the same.  Thus, petitioner's "length of service in [the foreign language] tenure area" (8 NYCRR 30-1.1 [f]) and "actual full-time service rendered" exceeded that of Cieslik (*Schoenfeld*, 98 AD2d at 724; *see Kulick*, 1995 WL 17958467, at *1; *Matter of Kiernan*, 32 Ed Dept Rep [Decision No. 12933], 1993 WL 13713072, *1; *Matera*, 17 Ed Dept Rep at 460).

III

Respondents contend, however, that petitioner's October 2009 resignation severed her employment relationship with the District and that she therefore lost all seniority accumulated prior to that time. Respondents thus contend that the District correctly computed petitioner's seniority from February 10, 2010, the date upon which her appointment as a new full-time probationary Spanish teacher became effective. We disagree.

The District is, of course, correct that a teacher who voluntarily severs all of his or her professional relationship with a school district through retirement or resignation forfeits his or her seniority rights under Education Law § 2510 (see Matter of Girard v Board of Educ. of City School Dist. of City of Buffalo, 168 AD2d 183, 185; Matter of Hilow, 31 Ed Dept Rep [Decision No. 12574], 1991 WL 11762530, *1-*2; Carey, 31 Ed Dept Rep at 396; Ducey, 65 NY St Dept Rep at 67-68). "Public policy[, however,] favors the protection of employees' seniority rights" (Matter of Petkovsek, 48 Ed Dept Rep 513, 517; see generally Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v Lakeland Fedn. of Teachers, Local 1760, Am. Fedn. of Teachers, AFL-CIO, 51 AD2d 1033, 1034). Thus, while an employee may relinquish his or her seniority rights through, inter alia, resignation or retirement (see Matter of Morehouse v Mills, 268 AD2d 767, 768, lv denied 95 NY2d 751; Girard, 168 AD2d at 184), such a relinquishment must be knowing and voluntary, i.e., the employee must take "affirmative steps" to terminate all aspects of his or her employment by a school district (Petkovsek, 48 Ed Dept Rep at 516; see Matter of Barry, 43 NY St Dept Rep 313, 313-314; cf. Matter of Gerson v Board of Educ. of Comsewogue Union Free School Dist., 214 AD2d 732, 732-733; see generally Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 451-452). In other words, in the absence of a specific contrary intent, an employee who merely assents to being reassigned to a different title within the same tenure area – even under the guise of a resignation – is not deemed to have "resigned" for purposes of seniority credit so long as the title to which he or she is reassigned is otherwise eligible for such credit.

Notably, neither the District nor petitioner adhered to the requirements of Education Law § 3019-a (entitled "Notice of termination of service by teachers"), which governs the formal resignation and termination of probationary teachers. Moreover, the record is devoid of any intent or affirmative act by petitioner to sever all aspects of her employment relationship with the District and thereby relinquish her seniority rights (cf. Morehouse, 268 AD2d at 767-768; Gerson, 214 AD2d at 732-733; Girard, 168 AD2d at 185-186; Matter of Middleton, 16 Ed Dept Rep 50, 51). Indeed, petitioner averred that she tendered her resignation in October 2009 in order to preserve her continued employment with the District. According to petitioner, the Superintendent told her that if she did not resign immediately, she would be terminated and the District would withdraw its offer to employ her as a substitute teacher pending her receipt of

a permanent teaching certificate.  The Superintendent's account of that discussion is largely consistent with petitioner's account.  Petitioner thus agreed to "resign" in exchange for the District's promise to immediately rehire her as a substitute teacher and to reappoint her thereafter to a new full-time probationary position upon obtaining permanent certification to teach.  Furthermore, unlike the severance cases relied upon by respondents, the circumstances in this case do not evince an intent by either petitioner or the District to sever their professional relationship; rather, the arrangement allowed petitioner to continue teaching in the District while her permanent certification was pending.

Although the Superintendent averred that petitioner was rehired as a "per diem" substitute teacher – a category of employee not entitled to seniority rights (see Carey, 31 Ed Dept Rep at 395; Matera, 17 Ed Dept Rep at 460; Ducey, 65 NY St Dept Rep at 67) – the record is clear that, in fact, petitioner was rehired as a regular, and not a per diem, substitute teacher for seniority accrual purposes.  "A regular substitute is one who takes over the class of another teacher upon a permanent substitute basis; i.e., under circumstances where the regular teacher for maternity reasons, or for sabbatical or sick leave, or for some other reason, has been given a definite leave of absence.  This contemplates a regular assignment for at least a term" (Ducey, 65 NY St Dept Rep at 67).  Here, after her resignation, petitioner assumed the regular, full-time position from which she resigned, albeit at the lower pay rate.  She was therefore a regular substitute teacher for purposes of accruing seniority (see Matera, 17 Ed Dept Rep at 460; Ducey, 65 NY St Dept Rep at 67).

Further, there was no actual break in petitioner's service to the District as a result of her "resignation" (see Matter of Zurn, 34 Ed Dept Rep 479, 483; see also Matter of Lindsey v Board of Educ. of Mt. Morris Cent. School Dist., 72 AD2d 185, 186-189).  Petitioner's resignation was effective at the end of the day on October 1, 2009.  The next day, she returned to the same classroom to teach the same subject to the same students during the same hours.  Thus, petitioner's "resignation" was essentially a legal fiction designed to allow petitioner to continue her duties as a full-time Spanish teacher while ensuring the District's compliance with the Education Law, which prohibits a school district from employing uncertified teachers (see §§ 3001 [2]; 3009 [1]; Zurn, 34 Ed Dept Rep at 483; Matter of LeVay, 21 Ed Dept Rep 426, 429; Barry, 43 NY St Dept Rep at 314).

Finally, although Supreme Court held that the District was "justified in giving more seniority credit to . . . Cieslik" as a "consequence[]" of petitioner's failure to obtain her permanent certification at an earlier date, "[s]eniority . . . relates only to length of service" and considerations such as prior experience, training, or educational qualifications are not properly included therein (Ducey, 65 NY St Dept Rep at 66; see generally Schoenfeld, 98 AD2d at 724; Kulick, 1995 WL 17958467, at *1; Matera, 17 Ed Dept Rep at 460).  Only when two or more teachers have equal service time does a school district have discretion to determine whom to retain (see

*Schoenfeld*, 98 AD2d at 724).  Here, petitioner was appointed before Cieslik and her actual, full-time service to the District also exceeded that of Cieslik.  Thus, there is no basis to consider any other criteria in calculating their relative seniority.

                                    IV

    Accordingly, the judgment should be modified, on the law, by granting the petition in part, annulling the District's determination, awarding petitioner seniority credit for the period from November 6, 2006 through February 10, 2010, and reinstating her to her former position as a probationary teacher in the foreign language tenure area, with back pay and benefits (*see e.g. Petkovsek*, 48 Ed Dept Rep at 517; *Kulick*, 1995 WL 17958467, at *2; *Crandall*, 20 Ed Dept Rep at 19; *Silver*, 19 Ed Dept Rep at 448).  In light of our conclusion, there is no need to address petitioner's alternative contention that issues of fact necessitate a trial pursuant to CPLR 7804 (h).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court