*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 11, 2014                518424
_____

In the Matter of ERIKA
    KWASNIK,
                    Respondent,

        v

JOHN B. KING, as Commissioner
    of Education of the State
    of New York, et al.,                    MEMORANDUM AND ORDER
                    Respondents,
        and

BOARD OF EDUCATION OF THE
    NORWICH CITY SCHOOL
    DISTRICT et al.,
                    Appellants.
_____

Calendar Date:   October 16, 2014

Before:   Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

_____

        Hogan, Sarzynski, Lynch, Surowka & DeWind, LLP, Binghamton
(James A. Gregory of counsel), for appellants.

        Richard E. Casagrande, New York State United Teachers,
Latham (Marilyn S. Raskin-Ortiz of counsel), for Erika Kwasnik,
respondent.

_____

Devine, J.

        Appeal from a judgment of the Supreme Court (Melkonian,
J.), entered October 21, 2013 in Albany County, which granted
petitioner's application, in a proceeding pursuant to CPLR
article 78, to annul a determination of respondent Commissioner

of Education denying petitioner's request to be transferred to a position within the English tenure area in the Norwich City School District.

Petitioner became a tenured English teacher in the Norwich City School District in 2004 and served in that capacity until July 2005, when she, at the prompting of the District's interim Superintendent, resigned her position and accepted a two-year appointment to the position of library media specialist (hereinafter LMS) in the District. Respondent Board of Education of the Norwich City School District (hereinafter Board) subsequently abolished an LMS position in 2010 and, as the least senior LMS instructor, petitioner's employment was terminated as a result. When the Board failed to recall petitioner to the English tenure area, she appealed to respondent Commissioner of Education. In that appeal, petitioner conceded that, because she was the least senior LMS, the Board properly discharged her from the LMS area when it abolished a position; she asserted, however, that because she had more seniority than other teachers in the English department, the Board's failure to return her to that area violated the Rules of the Board of Regents.[1] The Commissioner determined that petitioner had freely and voluntarily waived her tenure and seniority rights, upheld the Board's decision and dismissed petitioner's appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking to annul the Commissioner's determination and to reinstate her to a tenured English position with back pay and benefits. Supreme Court granted the petition, prompting the Board and respondent Superintendent of the Norwich City School District (hereinafter collectively referred to as respondents) to appeal.

---

[1] The Rules of the Board of Regents upon which petitioner relies provide, in pertinent part, that if a position is abolished in a particular tenure area, thereby requiring the termination of the least senior individual in such area, where the individual has tenure in another area, that individual "shall be transferred to such other tenure area in which he [or she] has greatest seniority and shall be retained in such area if there is a professional educator having less seniority than he [or she] in such other tenure area" (8 NYCRR 30-1.13 [c]).

Respondents maintain that Supreme Court erred in finding that the termination of petitioner's employment was arbitrary and capricious and irrational, inasmuch as petitioner freely waived her seniority rights when she resigned from her position as an English teacher. Although an employee may waive his or her seniority rights by resigning or retiring, "such a relinquishment must be knowing and voluntary" (Matter of Alessi v Board of Educ., Wilson Cent. Sch. Dist., 105 AD3d 54, 58 [2013]). An effective waiver of such rights must be free from any indicia of duress or coercion (see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 452 [1993]; Matter of Costello v Board of Educ. of E. Islip Union Free School Dist., 250 AD2d 846, 846-847 [1998]).

The record demonstrates that, when petitioner was encouraged by the interim Superintendent to take the LMS position, she expressed her reluctance to leave her position as an English teacher and asked if she could take a leave of absence rather than resign. The interim Superintendent indicated that a leave of absence would not suffice and that petitioner's resignation was required. After tendering her letter of resignation, which the Board accepted a month after appointing her to the LMS position, petitioner received a longevity pay increase, continued to accrue sick and personal leave time that had carried over from her English teaching position and also received a severance payment from the District that would not have been made if petitioner had voluntarily severed her employment. Notably, when petitioner moved into the LMS position, she assumed such position without any interruption in service (see Matter of Alessi v Board of Educ., Wilson Cent. Sch. Dist., 105 AD3d at 60). Where, as here, an employee does not take the necessary "affirmative steps to terminate all aspects of his or her employment by a school district," no waiver of seniority and tenure rights will be found (id. at 58 [internal quotation marks and citation omitted]; compare Matter of Morehouse v Mills, 268 AD2d 767, 767-768 [2000], lv denied 95 NY2d 751 [2000]). Accordingly, as the Commissioner's dismissal of petitioner's appeal was arbitrary and capricious and lacking a rational basis, Supreme Court's judgment annulling that determination shall remain undisturbed (see Matter of Saad-El-Din v Steiner, 101 AD3d 73, 76 [2013], appeal dismissed 20 NY3d 1032

[2013]; <u>Matter of Donato v Mills</u>, 6 AD3d 966, 967 [2004]). We have considered respondents' final argument and find it to be lacking in merit.

Lahtinen, J.P., Garry, Egan Jr. and Lynch, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:


Robert D. Mayberger
Clerk of the Court