■ In the Matter of ILIA REGINI, Appellant, v BOARD OF EDUCATION OF BRONXVILLE UNION FREE SCHOOLS et al., Respondents. [9 NYS3d 680]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Board of Education of the Bronxville Union Free Schools to appoint the petitioner to a position of part-time Spanish teacher, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Hubert, J.), entered September 20, 2013, which denied the petition and dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

In 2001, the petitioner, who was certified to teach Spanish, was hired by the Bronxville Union Free Schools (hereinafter the School District) as a foreign language teacher in the elementary school. Thereafter, the petitioner taught Spanish and acquired tenure in that position. In 2010, her position was abolished for economic reasons, and her name was placed on a "preferred eligible list" for appointment to any vacancy which may arise in a similar position within seven years from the date that her position was abolished (see Education Law §§ 2510 [3] [a]; 3013 [3] [a]). In 2011, the respondent Board of Education of the Bronxville Union Free Schools (hereinafter the Board) created a full-time position of "French/Spanish Teacher 7-12" and hired the respondent Nicholas Rastegar, who was certified to teach both French and Spanish, to fill that vacancy.

Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Board to appoint her to a position of part-time Spanish teacher. She alleged in her petition that the Board, in effect, created "a teaching position that is [part-time] Spanish and [part-time] French," and that she was entitled pursuant to Education Law §§ 2510 (3) (a) and 3013 (3) (a) to be appointed to the purported part-time Spanish teacher position. The Supreme Court denied the petition and dismissed the proceeding on the merits.

"[CPLR] article 78 relief in the form of mandamus to compel may be granted only where a petitioner establishes a clear legal right to the relief requested" (*Matter of Council of City of N.Y. v Bloomberg,* 6 NY3d 380, 388 [2006] [internal quotation marks omitted]; *see Matter of Imburgia v Procopio,* 98 AD3d 617, 619 [2012]; *Matter of Rozz v Nassau County Dept. of Assessment,* 96 AD3d 952, 954 [2012]). In determining whether a teacher is entitled to re-employment pursuant to Education Law §§ 2510 or 3013, " 'the threshold question must be one of certification to teach in the position sought. Absent such certification, re-employment rights cannot attach' " (*Matter of Davis v Mills,* 98 NY2d 120, 124 [2002], quoting *Matter of Ward v Nyquist,* 43 NY2d 57, 63 [1977]; *see Matter of Levy v Board of Educ. of Freeport Union Free School Dist.,* 275 AD2d 459, 459 [2000]).

Here, the petitioner does not challenge the propriety of the Board's decision to create a single full-time position encompassing instruction of both French and Spanish. Thus, the petitioner's claim must fail because, as the petitioner concedes, she lacks the dual certification necessary for the full-time position (*see Matter of Davis v Mills,* 98 NY2d at 124; *Matter of Ward v Nyquist,* 43 NY2d at 63; *Matter of Levy v Board of Educ. of Freeport Union Free School Dist.,* 275 AD2d at 459; *Matter of Brown v Board of Educ., Morrisville-Eaton Cent. School Dist.,* 211 AD2d 887, 888 [1995]; *Matter of Schimmel v Board of Educ., S. Kortright Cent. School Dist.,* 111 AD2d 966, 968 [1985]).

Since the petitioner failed to demonstrate a clear legal right to the relief sought, the Supreme Court properly denied the petition and dismissed the proceeding on the merits.

In view of the foregoing, we need not reach the respondents' remaining contentions. Mastro, J.P., Balkin, Sgroi and Barros, JJ., concur.