Matter of Board of Educ. of The Minisink Val. Cent. Sch. Dist. v Elia (2019 NY Slip Op 02402)





Matter of Board of Educ. of The Minisink Val. Cent. Sch. Dist. v Elia


2019 NY Slip Op 02402


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

526754

[*1]In the Matter of BOARD OF EDUCATION OF THE MINISINK VALLEY CENTRAL SCHOOL DISTRICT et al., Appellants,
v
MaryEllen ELIA, as Commissioner of Education, et al., Respondents, et al., Respondents.

Calendar Date: February 11, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Shaw, Perelson, May & Lambert, LLP, Poughkeepsie (David S. Shaw of counsel), for appellants.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for Commissioner of Education, respondent.
Robert T. Reilly, New York State United Teachers, Latham (Jacquelyn Hadam of counsel), for Amanda DeRosa, respondent.
Timothy G. Kremer, New York State School Boards Association, Inc., Latham (Jay Worona of counsel), for New York State School Boards Association, Inc., amicus curiae.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Mackey, J.), entered November 30, 2017 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education granting respondent Amanda DeRosa's request to place her in the position of elementary education teacher.
Respondent Amanda DeRosa is certified in elementary education and special education and, beginning in 2007, worked for the Minisink Valley Central School District in a variety of probationary and substitute roles. One of those roles was probationary elementary education teacher and, when that position was abolished in 2010, her name was placed on "a preferred eligible list of candidates" from which to draw candidates should a similar position open in the future (Education Law § 3013 [3] [a]). A vacancy for an elementary education teacher arose in 2013 that was offered to individuals on the preferred list "in the order of their length of service in the system" (Education Law § 3013 [3] [a]). Respondents Kristen Daly and Jeni Galligan, whose elementary education teaching positions had also been eliminated in 2010, were found to have greater seniority than DeRosa because her full-time regular substitute work as a special education [*2]teacher and elementary school librarian could not be counted toward her length of service. Petitioner Board of Education of the Minisink Valley Central School District (hereinafter the Board) appointed Galligan to the position.
DeRosa challenged the service calculation in a CPLR article 78 proceeding that was dismissed due to respondent Commissioner of Education having primary jurisdiction over the dispute; DeRosa then petitioned the Commissioner for relief (see Education Law § 310). The Commissioner concluded that DeRosa should have been credited for her long-term substitute work, granted the petition and ordered that the Board appoint her to the position of elementary education teacher with back pay and benefits as of September 1, 2013. Petitioners — the Board and the school district Superintendent — commenced this CPLR article 78 proceeding seeking to annul the Commissioner's determination. Supreme Court dismissed the proceeding and petitioners appeal. We affirm.
To begin, "we may not substitute our judgment for that of the Commissioner unless we conclude that such determination was 'arbitrary and capricious, lacked a rational basis or was affected by an error of law'" (Matter of Donato v Mills, 6 AD3d 966, 967 [2004], quoting Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ., 91 NY2d 133, 139 [1997]; see Matter of Donlon v Mills, 260 AD2d 971, 972 [1999], lv denied 94 NY2d 752 [1999]). In assessing whether such is the case, we "tread[] gently in second-guessing the experience and expertise of state agencies charged with administering statutes and regulations," knowing that "[i]t is for the Commissioner in the first instance . . . to establish and apply criteria to govern the selection and retention of qualified educators and staff" (Matter of Davis v Mills, 98 NY2d 120, 125 [2002]; see Matter of Donato v Mills, 6 AD3d at 968). Deference is therefore afforded to the Commissioner's determination where, as here, it is based upon her expertise in applying an ambiguous statutory and regulatory framework (see Matter of Davis v Mills, 98 NY2d at 125; Matter of Kransdorf v Board of Educ. of Northport-E. Northport Union Free School Dist., 81 NY2d 871, 874 [1993]; cf. Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills, 4 NY3d 51, 59 [2004]).
"Where a teaching position is consolidated or abolished, 'the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued'" (Matter of Seney v Board of Educ. of the E. Greenbush Cent. Sch. Dist., 103 AD3d 1022, 1023 [2013], quoting Education Law §§ 2510 [2]; 3013 [2]; see Matter of Cronk v King, 130 AD3d 1415, 1417 [2015], lv denied 26 NY3d 912 [2015]). In contrast, when a similar vacant position arises, teachers are recalled "in the order of their length of service in the system" without reference to the tenure area in which that service was performed (Education Law § 3013 [3] [a]). Courts have not addressed these differences in the provisions of Education Law § 3013, but have done so with regard to the "nearly identical" provisions of a statute governing abolition and recall in school districts for cities with fewer than 125,000 inhabitants (Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills, 2 AD3d 1240, 1241 [2003], affd 4 NY3d 51 [2004]; see Education Law § 2510), concluding that the statutory language and underlying policy dictate a calculation of recall rights using "any and all service within the system, not just within the specific tenure area at issue" (Matter of Freeman v Board of Educ. of Hempstead School Dist., 205 AD2d 38, 41 [1994]; see Matter of Mahony v Board of Educ. of Mahopac Cent. School Dist., 140 AD2d 33, 39-40 [1988], lv denied 73 NY2d 703 [1988]; Matter of Cole v Board of Educ., S. Huntington USFD, 90 AD2d 419, 427-429 [1982], affd for reasons stated below 60 NY2d 941 [1983]; Matter of Leggio v Oglesby, 69 AD2d 446, 449 [1979], appeals dismissed 48 NY2d 882 [1979], 53 NY2d 704 [1981]). The Commissioner interpreted, and reasonably so, the analogous provisions of Education Law § 3013 in the same manner.
Long-term substitute work is counted toward "seniority in the system within the tenure of the position" for layoff purposes if it was performed in that tenure area prior to the teacher's probationary appointment in the same tenure area (Education Law § 3013 [2]; see Education Law § 3012; 8 NYCRR 30-1.1 [f], [h]; 30-1.2 [a]; Matter of Alessi v Board of Educ., Wilson Cent. Sch. Dist., 105 AD3d 54, 57 [2013]; Matter of Cole v Board of Educ., S. Huntington USFD, 90 AD2d at 428; Matter of Carey, 31 Ed Dept Rep 394 [Decision No. 12,678]). The same is not [*3]true in assessing recall rights under Education Law § 3013 (3), where "any and all service within the system" is counted (Matter of Freeman v Board of Educ. of Hempstead School Dist., 205 AD2d at 41) without any "further qualification of service in a particular tenure area" (Matter of Mahony v Board of Educ. of Mahopac Cent. School Dist., 140 AD2d at 39). The Commissioner relied upon this distinction to find that DeRosa's long-term substitute work counted toward her "length of service in the system" for recall purposes (Education Law § 3013 [3]), as DeRosa substituted in areas where tenure could be granted so as to render the work "full-time service as a professional educator" covered by Education Law § 3013 (3) (see 8 NYCRR 30-1.1 [e]; Matter of Marisco, 50 Ed Dept Rep, Decision No. 16,158). This interpretation comports with the language of Education Law § 3013 and prior precedent and, in addition, avoids the negative policy outcome of deterring teachers from accepting long-term substitute work if it falls outside of their preferred tenure area. It is also entitled to deference and, thus, we agree with Supreme Court that the Commissioner's determination is supported by a rational basis and that no reason exists to set it aside.
Contrary to petitioners' contention, an obvious clerical error in the Commissioner's determination does not warrant reversal and annulment (see Matter of Bazin v Novello, 301 AD2d 975, 976 [2003]). We have considered petitioners' remaining arguments, including that the Commissioner departed from her prior holdings without explanation, and found them to be lacking in merit.
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.